No. 8174.

TRIPPE v. CARR ET AL.

PRACTICE.— *Witness.—Parties.—Default.*—Where the plaintiff in an action has had some of the defendants duly summoned as witnesses for him, and they failed, without excuse, to appear and testify, the plaintiff is entitled to have the answers of such defendants struck out and judgment rendered against them as by default, under section 513, R. S. 1881.

From the Laporte Circuit Court.

*S. L. Trippe,* for appellant.
*M. H. Weir* and *W. B. Biddle,* for appellees.

BICKNELL, C. C.—The appellant had a judgment against the Kankakee Valley Draining Company; he brought this suit against the appellees, as members of that company, to recover the amount of his judgment, claiming that they were individually bound to pay it. There were two paragraphs in the complaint; the second was withdrawn. The issues arising upon the complaint, answer and reply, were tried by the court, who found for the defendants.

During the trial the plaintiff moved the court to strike out the answers of the defendants Henry H. Walker and Patrick Huncheon, because they had been duly served with a subpœna requiring them to appear and testify as witnesses for the plaintiff, and had failed to appear. The court overruled the motion and the plaintiff excepted. The plaintiff moved for a new trial, and filed the following reasons therefor:

1st. The finding of the court is not sustained by sufficient evidence, and is contrary to law.

2d. Error of law at the trial, excepted to at the time, to wit, in striking out the second paragraph of the plaintiff's reply, and in refusing to give judgment against Henry H. Walker and Patrick Huncheon, and to strike out their answer, on account of the failure of said defendants to appear in obedience to the subpœna served on each of them, to appear as witnesses in behalf of said plaintiff.

This motion was overruled by the court, and the plaintiff

excepted.   Judgment was rendered upon the finding, and the plaintiff appealed.   Errors are assigned as follows:

1st. The court erred in overruling the motion to strike out the answers of Henry H. Walker and Patrick Huncheon and render judgment against them.

2d. The court erred in overruling the motion for a new trial.

The first of these assignments embraces a matter which can not be properly assigned as error.   It belongs to the motion for a new trial, and was properly stated among the reasons therefor.   As to striking out the second paragraph of the plaintiff's reply, no question is presented here, because that reply is not in the record.   The motion for a new trial ought to have been granted for the failure of the court to strike out the answers of Walker and Huncheon.   The plaintiff stated to the court that he expected to prove by each of these witnesses, who had been summoned and failed to appear, "additional transactions of business by the defendants, to those named by the witnesses McCollum and Tucker in their testimony, similar in character to that testified to by McCollum and Tucker."   It is claimed that this would have been merely cumulative testimony, and that, in view of the other evidence, it could not have changed the result; and that the plaintiff, therefore, was not injured by the refusal.   But section 295 of the code provides that "A party to an action may be examined as a witness at the instance of the adverse party, * * and for that purpose may be compelled, in the same manner, and subject to the same rules of examination as any other witness, to testify," etc.   Section 299 of the code provides that "Any party refusing to attend and testify as above provided, may be punished as for a contempt, and his complaint, answer, or reply, may be stricken out."

In *Belton* v. *Smith*, 45 Ind. 291, it was held that the court was authorized by the foregoing sections to render a judgment by confession against a party to a suit, who, when duly summoned as a witness by an adverse party, failed to appear.

In *Smith* v. *Rosenham*, 19 Ind. 256, where an attachment was demanded against a party to a suit, who, when summoned as a witness for the adverse party, failed to appear, and the attachment was refused by the court, a new trial was granted on account of that refusal.

The plaintiff in this case, having had two of the defendants duly summoned as witnesses for him, and they having failed to appear, he had a right to have their answers stricken out and judgments rendered against them for want of answers.

It can not be said that the refusal to give him such judgments was a harmless error; it deprived him of two judgments to which he was entitled.

For this error the judgment of the court below ought to be reversed, and the cause remanded for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellees, and this cause is remanded for a new trial.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—In the petition for a rehearing, the counsel for the appellee say: " The effect of this decision, we believe, will be to entitle the appellant to judgment against the appellees Walker and Huncheon in the court below, upon the renewal of the motion, without any opportunity to them of appearing in obedience to the subpœna, or of showing any excuse, or reason for not appearing on the former trial." Such is not the effect of said decision. Walker and Huncheon ought to have obeyed a subpœna duly served; if they had any excuse or reason for not obeying it, the same ought to have been shown in answer to the motion to strike out their answers.

The cause has been remanded for a new trial without instructions to the court below to strike out the answers and render judgment for the appellant.

If Walker and Huncheon shall refuse to appear and testify, in obedience to a subpœna hereafter duly served, then their

answers may be stricken out upon a proper motion therefor, unless some valid excuse be shown for such refusal.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.