No. 10,365.

## CHAFFIN v. BROWNFIELD ET AL.

EXAMINATION OF PARTY.—*Impertinent Questions.—Practice.*—Under the provisions of section 509, R. S. 1881, a party to an action may be examined by his adversary, as a witness, concerning any matter stated in the pleadings, but he may refuse to answer questions, which are *not* concerning any matter stated in the pleadings, as irrelevant and impertinent.

SAME.—*Punishment as for Contempt.—Striking out Pleading.—Error.*—Under section 513, R. S. 1881, it is only where a party refuses to attend and testify that he may be punished as for a contempt and his pleadings struck out. If it appear that he did attend and testify, and merely refused to answer irrelevant and impertinent questions, it will be error to punish him as for contempt, or to strike out his pleadings.

From the St. Joseph Circuit Court.

G. R. Chaney, for appellant.

HOWK, C. J.—The only error assigned by appellant, the plaintiff below, upon the record of this cause, is this: "The court erred in sustaining the appellees' motion to strike out the appellant's pleadings in this cause, and rendering judgment against the appellant for costs."

On the 10th day of December, 1881, the appellant filed his complaint against the appellees, in the St. Joseph Circuit Court. Afterwards, on the 2d day of January, 1882, the appellees, the defendants below, entered a special appearance and moved the court, in writing, to strike out the appellant's pleadings and dismiss the action. Afterwards, on January 4th, 1882, the appellant filed his affidavit in response to appellees' motion, and by agreement the cause was continued. On March 22d, 1882, the appellees' motion was sustained by the court, and to this decision the appellant excepted and filed his bill of exceptions, and judgment was rendered against him for the appellees' costs.

In their written motion the appellees prayed that appellant's pleadings be struck out and the cause dismissed, for the

following reason : Upon an examination of the plaintiff, notice of which was duly served on him, and at which examination he appeared, the appellant refused to answer questions numbered 7, 8, 9, 10, 11 and 12, which were pertinent and material to the cause; and that upon such examination the appellant refused to produce the letters and documents which, by such notice, were required to be produced; and the appellees referred to the examination on file, and made the same a part of their motion.

In response to appellees' motion, the appellant filed his affidavit, wherein he stated, in substance, that, on the 24th day of December, 1881, in accordance with the notice given in the cause, he appeared at the office of William G. George, Esq., and submitted to an examination as a party, under the provisions of the statute; that without any disrespect to the court, or the majesty of the law, and without endeavoring to conceal or withhold any information proper or legitimate for the defendants to have, under any possible defence to this action, but acting under the advice of his counsel, and believing questions seven and eight of such examination to be irrelevant to any possible issue that might arise in the case, he declined to answer such questions; that in so doing he acted in the utmost good faith, as he would on the witness stand, when an objection was made to the relevancy of a question there until passed upon by the court; and he said that if the questions were held by the court to be relevant and proper to be answered, he would answer the same before calling upon the defendants to answer his complaint in this action, and would hold himself ready to do so as soon as the court might determine that they were proper and relevant questions.

We have not been furnished by appellees or their counsel with any brief or argument in support of the action or decision of the court in striking out the appellant's complaint and dismissing his action. The decision of the court, as it seems to us, is erroneous and can not be upheld, under the provisions of section 509, R. S. 1881, in force at the time of

the appellant's examination, at the instance of the appellees. This section supersedes and takes the place of section 295 of the civil code of 1852, and, by comparing the two sections, it will be readily seen that the law, in relation to the examination of a party to an action at the instance of an adverse party, has been materially changed in the later section 509, now in force. Under section 295, which continued in force until September 19th, 1881, the party might be examined generally as a witness in the case; while under section 509, which then took effect and has since continued to be the law, the party could only be " examined as a witness concerning any matter stated in the pleading." At the time of the appellant's examination as a witness, at the instance of the appellees, there was no pleading on file in this cause except the appellant's complaint. The questions propounded by the appellees, which the appellant, under the advice of his counsel, refused to answer, were *not* " concerning any matter stated in the pleading" or complaint of the appellant; but they were irrelevant and impertinent, and, therefore, the appellant was fully justified under the law in refusing to answer them.

But, even if this were not so, we are of opinion that the action and decision of the court in this case could not be sustained. In section 513, R. S. 1881, it is provided as follows: "Any party refusing to attend and testify, as above provided, may be punished as for a contempt; and his complaint, answer, or reply may be stricken out."

It is not pretended in the case in hand that the appellant did not " attend and testify." Indeed, the appellant's examination, which was made a part of appellees' written motion, conclusively shows that the appellant did appear and did testify. This examination also shows that, as to certain questions, under the advice of his counsel, " without any disrespect to the court, but because there is nothing in the complaint upon which to base such questions, the plaintiff refused to answer." The appellees' motion showed upon its face, therefore, that appellant's refusal to answer the appellees' questions

was not contumacious, and furnished no sufficient ground for striking out his complaint or dismissing his action.

But, even if the appellant had apparently erred in his refusal to answer the appellees' questions, we think that by his affidavit, filed in response to the motion, he had purged himself of any seeming contempt, and that, upon his proffered willingness to answer the questions if the court should hold them to be relevant and proper, the appellees' motion ought to have been promptly overruled. It seems to us, therefore, that in any view of the case at bar the court clearly erred in its ruling and decision. *Trippe* v. *Carr*, 80 Ind. 371.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule appellees' motion, and for further proceedings not inconsistent with this opinion.