Filed June 29, 1887.

———————

No. 12,710.

## BISH ET AL. *v.* BEATTY.

WITNESS.—*Examination of Party.*—*Notice.*—*Refusal to Attend.*—*Contempt.*—*Striking Out Pleadings.*—Where the defendant to an action is notified by the plaintiff to appear before a justice of the peace to be examined as a party, under section 509, R. S. 1881, touching matters alleged in the complaint, but no summons is issued by the officer, his failure to attend in response to the plaintiff's notice does not constitute a contempt for which, under section 513, his pleadings in the cause may be stricken out.

SAME.—*Judgment as Upon Default.*—*Showing Necessary to Authorize.*—In such case, to authorize the striking out of the defendant's pleadings and the rendering of judgment for the plaintiff as upon a default, it should also appear that the plaintiff, or some one in his behalf, attended at the time and place mentioned in the notice, and that he desired and was ready to examine the defendant concerning a matter stated in the pleadings.

FRAUD.—*Conveyance.*—*False Representations as to Value of Promissory Notes.*—*Damages.*—An innocent party who is induced to convey valuable property by a reliance upon false representations of the purchaser that prom-

issory notes, executed by a third person, which are taken in exchange for the property, are good and well secured, when in fact they are worthless, is entitled to damages.

From the Starke Circuit Court.

*H. R. Robbins,* for appellants.

*A. I. Gould,* for appellee.

MITCHELL, J.—Bish and wife brought an action in the Starke Circuit Court against Beatty to recover damages for alleged false and deceitful representations, by means of which it is averred the latter induced the plaintiffs to transfer certain real and personal property owned by them to the defendant, and to accept in part payment therefor certain worthless promissory notes executed by a third person.

The defendant answered by a denial. There was a verdict and judgment below for the defendant.

It appears from a bill of exceptions that after the parties appeared in the court below, the plaintiffs moved for judgment against the defendant as upon a default. This motion having been overruled, and the defendant having answered in denial, the plaintiffs moved to strike out the answer.

These motions were predicated upon a showing from which it appeared, that after filing their complaint the plaintiffs gave the defendant due notice to appear before a justice of the peace within the county in which the defendant resided, at a time and place named, for the purpose of being examined as a party, under the statute, touching matters alleged in the complaint. This notice appears to have been duly served. The justice before whom the examination was to have taken place, certified that the defendant failed to appear, in compliance with the notice. A similar notice, and a like certificate from the justice, in respect to a second attempt, on a later date, to secure the defendant's examination, appear in the record.

The first alleged error of the court below is predicated

upon the rulings in respect to the several motions above referred to.

Section 509, R. S. 1881, provides that a party to an action may be examined as a witness at the instance of the adverse party " concerning any matter stated in the pleading," and for that purpose his attendance may be compelled as any other witness, either at the trial, or conditionally, or upon commission. Subsequent sections of the statute make provision that the examination may be had before the trial, before any officer authorized to take depositions, by giving the party to be examined, and any other adverse party, not less than five days notice. The attendance of a party may be enforced, and his refusal to attend and testify may be punished as for a contempt, and the complaint, answer or reply of the party in default may be stricken out. Rightly used, these statutes are important factors in the administration of justice. They are to be applied with a view to attain just ends, and not as mere instruments by which one party may harass his adversary. A party to an action may be examined either at or before the trial concerning any matters stated in the pleading, and for that purpose his attendance at the trial, or before an examining magistrate or person properly authorized, may be enforced. Failing to attend for such an examination, or having attended, failing to answer pertinent questions, he may be subjected to the consequences prescribed in the statute. Thus, in the case of *Chaffin* v. *Brownfield*, 88 Ind. 305, where a party, having appeared in response to a notice, afterwards refused to answer certain questions propounded to him by his adversary, and refused to produce certain letters and documents which he had been notified to produce, it was held, that because the matters about which inquiry was made were *not* concerning any matter stated in the pleading, but were irrelevant and impertinent, the party was fully justified in refusing to answer.

In the case before us there is nothing in the notices, or in the showing filed in support of the motions, upon which error

is predicated, which in any manner indicates the subject-matter concerning which it was proposed to examine the defendant; nor does it appear that the plaintiff, either in person or by attorney, appeared before the magistrate, or that they were in any manner prepared to examine the defendant upon any subject. All that appears is, that notice was duly given by the plaintiffs that on a certain day they would proceed to examine the defendant at a certain place, before a certain officer, touching the allegations in their complaint, and that the defendant failed to attend. It does not even appear that any subpœna or other notice from the examining officer was ever given or served upon the defendant requiring him to attend.

In the case of *Trippe* v. *Carr*, 80 Ind. 371, the parties had been duly summoned and failed to appear. The adverse party stated to the court what he expected to prove by the parties in default, in case they had appeared. In that case it was held, that the refusal of the court to strike out the answers of the parties so failing was error. So, in the case of *Belton* v. *Smith*, 45 Ind. 291, the parties had been duly summoned to testify, as is there said, "in reference to a matter peculiarly within their knowledge." Having failed to appear, it was held that the court properly treated the allegations of the complaint affecting them as true.

Our conclusion is, no summons having issued, the defendant was not in contempt of the process of any court or officer for not attending upon the notice of the plaintiffs, and hence was not subject to the consequences provided in section 513, which authorizes the court in a proper case to punish as for a contempt, and to strike out the complaint, answer or reply of the party in default. Moreover, it should have appeared that the plaintiffs, or some one in their behalf, attended at the time and place mentioned in the notice, and that they desired and were ready to examine the defendant concerning some matter stated in the pleading.

It can hardly be within the spirit and purpose of the stat-

ute that one party may give the other notice to appear for examination before any justice of the county, and, in case neither party gives the matter any further attention, the party notified may be treated as in contempt nevertheless.

There was no error in the rulings of the court. The motion of the appellants asking the court to order the appellee to submit to an examination, was, under the circumstances, and in view of the counter showing which appears in the record, properly overruled.

A great number of questions of minor importance arising on rulings in respect to the admissibility of evidence are stated, and some of them more or less discussed in the appellants' brief. The questions are not of sufficient importance to justify us in stating them in detail, even if we should concede that they are presented within the rule. There was, so far as we can discover, no error in the rulings of the court in this regard.

Complaint is also made concerning the giving by the court, of its own motion, of certain instructions to the jury, and also of the refusal to give certain instructions requested by the plaintiffs. Upon examination of all the instructions given, and considering them with reference to the evidence in the record, it appears that the law of the case was fairly presented to the jury. Such of the appellants' instructions as stated the law correctly were adequately covered by the charges given by the court.

Passing over the alleged misconduct of the bailiff and one of the jurors, an examination of the evidence constrains us to the conclusion that it does not sustain the verdict as to Mrs. Bish. It appears from the evidence that the real estate for which the notes in question were exchanged, belonged in part to Mrs. Bish. The defendant admits that he told her the notes were well secured, and says further that he may have told her they were as "good as government bonds." The whole testimony shows that this statement was not true, and that it was relied on by an unsuspecting and inexperi-

enced woman, greatly to her injury.   As to Mrs. Bish there
is no conflict in the evidence that she parted with her property
on the faith of the defendant's statements that the notes
were good and well secured.   This was not true.   There are
other features of the evidence which might be the subject of
unfavorable comment, even as to the appellant Bish.   As
the conclusion reached results in the holding that the court
erred in overruling the motion for a new trial, we forbear
any further examination of the evidence.

Judgment reversed, with costs, with directions to the court
below to sustain the motion for a new trial.

