The American Cannel Coal Company v. Clemens, Administrator.

Filed Sept. 13, 1892.

------◆------

No. 15,904.

THE AMERICAN CANNEL COAL COMPANY v. CLEMENS, ADMINISTRATOR.

WILL.— *Construction of.*— *Specific Legacies.*— *Charge Upon Real Estate.*—
Where a testator made various bequests of money, and then, by the terms of the will, gave to his son and daughter " all the balance or residue of his estate, real and personal," and after the payment of the testator's debts and the costs of administration there was not sufficient personal estate left to pay the bequests, they became a charge on the real estate, as it was not specifically devised, but merely included in the residuary clause.

SAME.—*Sale of Land to Pay.*—*Specific Legacies.*—*Duty of Administrator to Sell.*
—It is the duty of an administrator with the will annexed to pay specific bequests, and if they are a charge upon or a lien against the real estate, and it becomes necessary to sell the real estate for the purpose of paying them, it is his duty to do so.

From the Perry Circuit Court.

*W. Henning, A. Gilchrist* and *C. A. De Bruler,* for appellant.

*E. E. Summit,* for appellee.

OLDS, J.—Peter Short died testate. By his last will he bequeathed to a granddaughter $200, to a grandson $300, to another granddaughter $300, to another grandson $200, and to his daughter Theresa $1. Following these bequests of stipulated amounts the will contains a residuary clause giving and bequeathing to his son, Peter Short, Jr., and his daughter, Mary Ann Galluly, " all the balance or residue of his estate, real and personal, wherever situate, in equal parts, share and share alike." Further provision is made that should the legatees to whom the legacies were given die before arriving at full age, the sums so bequeathed to them should go to the residuary legatees.

The appellee was duly appointed administrator of the estate with the will annexed, and files his petition in this case for the sale of the real estate. The appellant was made a party, it being alleged in the petition that it claimed some interest in the real estate.

The facts stated in the petition show the amount of the bequests, the costs of the administration, the amount of the indebtedness owing by the estate, showing that the debts and costs of administration amount to $402.57, legacies $1,001, making a total of $1,403.57, and that the personal estate amounted to $1,092.20, leaving a deficiency of .$311.37 in the personal estate to pay legacies, debts and costs of administration.

There was a trial and finding for the appellee, and an order for the sale of the real estate.

The question presented is, there being sufficient personal estate to pay the debts and costs of administration, but not sufficient to pay the $1,001 bequests, can the real estate be sold to make assets with which to pay the same ?

It is a well settled doctrine that a will must be so interpreted as to give effect to the intention of the testator. It is clearly apparent from the will in this case that it was the intention of the testator to dispose of his entire estate, both real and personal, in a like manner, treating all as a com-

mon fund, first taking from it certain specific amounts as bequests to his four grandchildren, then giving to his son and daughter " the balance or residue of his estate, real and personal." There is no specific devise of any real estate, but a disposition of the residue of his estate, both real and personal. The intention of the testator is clear that he intended to take from his estate, real and personal, certain bequests, and then dispose of the amount remaining, whether it be real or personal or both, to the residuary legatees named. Giving the will this construction, it makes the specific legacies a charge on the real estate, or in other words, makes the real estate liable for the payment of such bequests. The language of the will is equivalent to saying that he gave to the son and daughter all of his real and personal estate not hereinbefore disposed of or not required for the payment of the bequests hereinbefore made.

In 3 Jarman on Wills (5th Am. Ed., p. 426), it is said : " It is also clear that where legacies are given and then all of the residue of the real and personal estate the legacies are charged on the realty."

It is further contended on the part of the appellant that even if the legacies are a charge on the real estate there is no authority for the administrator with the will annexed to make sale of the real estate for the payment of the legacies ; there being sufficient assets arising from the sale of personal property and costs of administration, that the administrator has no authority to sell to realize a fund to pay off the legacies.

In *Gould* v. *Steyer*, 75 Ind. 50, it is held that " The proper person to pay a legacy is the executor, or the administrator with the will annexed. For a failure to pay it he may be sued on his bond."

This undoubtedly enunciates the proper theory. The testator provides that certain named amounts shall be paid out of his estate to certain named persons. The purpose of the appointment of an executor or administrator is to make set-

tlement of the estate, to convert the assets into money and pay the liabilities and make settlement. If the executor or administrator is required to pay a legacy that is payable from the proceeds of the personal estate, it should likewise be his duty to pay one which was a charge against or lien upon the real estate, although he had to realize a portion or all of the money necessary to pay the same from the proceeds of real estate.

Section 2332, R. S. 1881, provides for the sale of the real estate for the payment of the liabilities of the estate, when the personal estate shall be insufficient, and, by section 2336, it is made the duty of the executor and administrator to file a petition for the sale of the real estate to make assets for the payment of the liabilities, as soon as he shall discover the personal estate is insufficient; and section 2378 provides for the payment of legacies, and the order in which they shall be paid.

In the case of *Davidson* v. *Coon*, 125 Ind. 497, the will gave to one son of the testator $800, and to another $300, to be made out of the testator's estate, and then provided that when said amounts shall have been paid, the remainder of his whole estate should be divided among his heirs, and it was held that the whole estate was charged with the payment of the legacies, and that the heirs, taking by the residuary clause in the will, acquired their interest subject to the legacies charged upon the land, and that the legatees had a right to establish against the land, the equitable lien created by the will. There is no distinction in principle between that case and the one at bar, notwithstanding the use of the words to be made out of the testator's estate, for it is evident by the terms of the will that the testator intended to charge his whole estate with the payment of the legacies, as there is no specific devise of any real estate to the residuary legatees or devisees. They are given the remainder of his real and personal estate. By the language of the will, in the residuary clause, it is, we think, clearly apparent that

the testator intended to treat his estate as a whole, first disposing of certain stipulated amounts to his grandchildren, and giving what remained of both the real and personal estate to his son and daughter, and the whole estate is charged with the payment of the $1,001 in legacies, and by the will an equitable lien on the land is created securing the payment of the legacies. It was the duty of the administrator to pay these legacies, and, the personal property being insufficient, it was his duty to sell the real estate, though if the administrator had made settlement of the estate, and failed to sell the real estate and pay them, the legatees would have a right to enforce the lien as held in the case of *Davidson* v. *Coon, supra.*

The doctrine we have announced is not in conflict with the general rule, that the personal property supplies the fund out of which legacies are to be paid, and when a specific devise of land is made, and a general legacy is bequeathed, without charging the legacy upon the land devised, that it is incumbent on the legatee, or person enforcing the lien, to show that the testator had no personal estate at the time the will was executed, out of which the legacy could be paid, for in this case the testator classed his estate, real and personal, as a whole, first bequeathing certain legacies, and then disposing of the remainder of his estate, real and personal, to certain persons by a residuary clause in the will. By the terms of the will, the legacies were made a charge on the real estate, creating an equitable lien thereon, and were such a liability as authorized the sale of the real estate for their payment, the persons named in the residuary clause taking such portion of the estate, real and personal, only as remained after the payment of the legacies previously bequeathed.

We think there is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Sept. 13, 1892.