Filed Dec. 20, 1893.

---

No. 16,553.

LONGACRE ET AL. *v.* STIVER ET AL.

DECEDENT'S ESTATE.—*Sufficiency of Complaint.*—*Action to Make Legacies a Charge on Real Estate.*—In an action by legatees to have certain legacies bequeathed to them made charges upon real estate devised by the same decedent to other parties, the complaint is insufficient which does not show whether the estate has been administered upon, or whether the same has been settled. Such complaint should give some reason why the legacies have not been paid out of the personal property, or at least should show a final settlement of the estate.

SAME.—*Sufficiency of Complaint.*—*Defect of Parties Plaintiff.*—In such case, an averment in the complaint that S., a daughter of the decedent, is dead, leaving as her heirs at law H. and E., who are plaintiffs in this action, does not show a cause of action in H. and E., it not appearing whether S. died before or after the decedent.

From the Elkhart Circuit Court.

*L. Wanner*, for appellants.

*J. D. Osborne, A. S. Zook, F. E. Baker, J. H. Baker* and *C. W. Miller*, for appellees.

HOWARD, C. J.—The appellants, in their complaint,

sought to have certain legacies bequeathed to them in the last will of Valentine Stiver, deceased, made charges upon certain real estate devised to the appellees by said testator.

A demurrer was sustained to this complaint, which ruling is the only error assigned.

In the first item of his will, Valentine Stiver devised to his wife, in lieu of her interest in his lands, a life estate in said lands, and in all the stock, household goods, furniture, provisions, and other goods and chattels upon the farm at the time of his decease, she to sell so much thereof as might be necessary to pay his debts. At the death of his wife he gave said land, describing it, to his two sons, the appellees.

The second item of the will reads: "I give and devise to my daughters, namely, Margaret Longacre, Sarah Butt and Christena Simpson, the sum of three hundred dollars each, to be paid out of my estate."

In the third item the residue of his property is given equally to all his said children.

In the fourth item the appellee Michael J. Stiver is named executor, and with other powers is given the following: "I do also authorize and empower him, if it shall become necessary in order to pay my debts, to sell by private sale or in such manner upon such terms of credit or otherwise, as he may think proper, all or any part of my real estate," etc.

The testator's wife died before his own death, and upon his death the real estate went to the appellees. The testator left no personal property.

The only one of the daughters, legatees named in the second item of the will, who is a party to this suit is the appellant Margaret Longacre. Sarah Butt is dead, and the appellants, Henry Butt and Elizabeth Smith, are her heirs at law.

It is claimed in the complaint that the legacies due appellants, as named in the second item of the will, are a charge upon the real estate devised to appellees, "according to the intent of said testator sufficiently expressed and implied in his said last will and testament"; and it is averred that the appellees having duly entered upon said real estate and taken possession of the same according to their respective interests under said will, the appellants made demand upon them for the amount of such legacies, but were refused; asking that the amounts of the legacies be found a charge and lien upon the land, and the land be ordered sold in satisfaction.

Were the question before us simply whether the testator intended the legacies to be a charge upon his real estate, we might, perhaps, be able to reach the conclusion that such was his intention. His language is, "to be paid out of my estate." The authority given in the fourth item of the will, to sell his real estate, if necessary, to pay his debts, would seem to indicate that it was a matter of doubt with him, at the time when he made his will, whether there would be sufficient personal property to pay his debts, to say nothing of the legacies.

While it is the law that legacies must be paid out of the personal property, rather than be made charges upon the real estate, unless the will shows a contrary intention; and while the complaint in this case lacks definiteness as to showing the condition of the personal estate of the testator at the time of making his will, yet we are inclined to think the pleading sufficient, in this respect, to withstand the demurrer.

In other respects, however, the complaint seems fatally defective. In the first place, it does not appear whether administration has been had upon the testator's estate, or whether the estate has been settled. It was the duty of the executor to pay the legacies, first, out of the per-

sonal property, and if that proved insufficient, then out of any real estate upon which the legacies might be a lien. The complaint should give some reason why this has not been done, or, at least, show that the estate has been finally settled. *Davidson* v. *Coon,* 125 Ind. 497; *American Cannel Coal Co.* v. *Clemens, Admr.,* 132 Ind. 163.

We think, too, that the complaint does not show a cause of action in favor of all the plaintiffs. It is averred that Sarah Butt is dead, "leaving as her heirs at law Henry Butt and Elizabeth Smith, who are two of the plaintiffs to this action." From this allegation it is not clear whether these plaintiffs have a right to sue. If Sarah Butt died since the death of the testator, her legacy vested in her at his death, and; on her death, it became a part of her estate, to be collected by her personal representative, unless it should appear that she left no debts, and that there was no administration of her estate. If she died before the testator, that fact should appear, as, also, that these appellants are her sole heirs at law. *Williams* v. *Riley,* 88 Ind. 290; *Salter* v. *Salter,* 98 Ind. 522.

As the action is by the appellants jointly, the complaint should show a cause of action in favor of them all. *Kelley* v. *Adams,* 120 Ind. 340; Elliott's App. Proced., section 664.

The judgment is affirmed.

Filed Dec. 19, 1893.