BRACKETT v. BRACKETT.

[No. 2,982.   Filed December 19, 1899.]

APPEAL AND ERROR.—*Record.*—*Motions.*—*Pleadings Stricken Out.*— Available error cannot be predicated upon the action of the court in striking out a cross-complaint where the motion and cross-complaint are not made a part of the record by bill of exceptions or by order of court.   *pp. 531, 532.*

NEW TRIAL.—*Striking Out Cross-Complaint.*—Sustaining a motion to strike out a cross-complaint is not ground for a new trial.   *p. 532.*

APPEAL AND ERROR.—*New Trial.*—*Assignment.*—*Errors of Law.*—An assignment in a motion for a new trial for "errors of law occurring at the trial, and excepted to" does not specify any error of law.   *p. 532.*

HUSBAND AND WIFE.—*Action for Support.*—*Excessive Judgments.*— A judgment for $200 in an action by a wife against her husband for the support of herself and child will not be held to be excessive where the evidence showed that the husband was steadily employed at $40 a month, and had in cash and at interest $1.100.   *p. 532.*

From the Marion Superior Court.   *Affirmed.*

*F. L. Littleton* and *H. J. Everett*, for appellant.

*J. A. Pritchard, J. J. Rochford, C. Remster* and *P. W. Bartholomew*, for appellee.

COMSTOCK, J.—The appellee brought this action against her husband, Sidney Brackett, and certain of his alleged debtors, charging that her husband had deserted her without just cause, and had refused to make any support for her and their infant child, aged eleven years, who was in her custody, alleging that $25 a month is necessary for their support, and asking judgment against her husband in such sum as the court might deem just; and that his debtors be ordered to pay the sums owing him into court in satisfaction of the judgment allowed her.   Appellant answered under oath that the present was one of many suits of a similar kind brought by plaintiff that had been tried and determined in his favor. Two other paragraphs of answer were filed, the one a general denial; the second alleging, substantially, that when he mar-

ried appellee she was a widow having three children by a former marriage; that he had educated and cared for them; that they are now grown up men keeping house in Indianapolis; that appellee has, ever since their marriage, been cruel to appellant, cursing him and calling him vile names in the presence of their children; that she abandoned him several times without just cause for about a month at a time; that on such occasions she instituted various criminal suits to punish him for failure to support her, in which suits he was acquitted; that she frequently attempted to provoke him to do some act to enable her further to prosecute him; and that she enticed their youngest child to go with her for the sole purpose of enabling her to bring this suit. Other vexatious acts are charged, but we have set out enough to show the tenor of this paragraph. Appellant also filed a cross-complaint asking for a divorce from appellee upon the ground of habitual drunkenness and cruel treatment. Upon motion by appellee, the court struck out the cross-complaint. Upon the trial, the court rendered judgment in favor of appellee for $200, and certain of the creditors were ordered to pay into court certain sums to be applied to the satisfaction of the judgment. Appellant's motion for a new trial was overruled.

The alleged errors will be considered in the order in which they are presented in appellant's brief. Appellant first discusses the action of the court in sustaining the motion to strike out the cross-complaint. It is insisted by appellee that this question is not presented for the reason that it is not incorporated in the bill of exceptions and is not made part of the record by order of court. It must be conceded that where a pleading is stricken out on motion, the same is not a part of the record, and can only be brought into the record by a bill of exceptions or by order of court. *Knowlton* v. *Dolan*, 151 Ind. 79; *Dudley* v. *Pigg*, 149 Ind. 363; *Hiatt* v. *Renk*, 64 Ind. 590. This claim of appellee must be sustained. The bill of exceptions does not contain the cross-complaint, nor the motion to strike it out. They are copied

into the transcript, but they can not thus be made a part of the record.

The overruling of the motion for a new trial is next discussed. The motion sets out five reasons: (1) The damages assessed are excessive; (2) the decision of the court is not sustained by sufficient evidence; (3) it is contrary to law; (4) errors of law occurring at the trial and excepted to; (5) sustaining appellee's motion to strike out the cross-complaint. Considering these reasons in their inverse order, the fifth reason is not a cause for a new trial. Elliott's App. Proc. §348. The fourth reason does not specify any error of law. As to the third and second reasons, we deem it only necessary to say that there is evidence fairly to sustain the finding and judgment of the court. As to the first reason, appellant was steadily employed as a section boss upon a raliroad, receiving $40 a month. He had in cash and at interest $1,100. Upon the evidence we cannot say that the amount allowed is excessive. Appellant questions the form of the judgment, but made no motion to modify it. The judgment is for $200 "as alimony." The statute provides, §6980 Burns 1894, §5135 Horner 1897, that the court shall make "an allowance in the nature of alimony." Had appellant desired that the judgment should have been applied to the relief of appellee's present needs, or that any modification should have been made in its form, he should have presented the question to the court by proper motion.

It is urged by appellee that the first, second, and third specifications in the assignment of errors depending for their consideration upon the evidence can not be considered for the reason that the evidence is not properly in the record. Without passing upon the question, let it suffice that we have read the evidence, passed upon all the questions discussed by appellant, and find no error for which the judgment of the trial court should be reversed. Judgment affirmed.