## COULTER ET AL., EXECUTORS, *v.* BRADLEY, ADMINISTRATRIX.

[No. 4,596. Filed February 3, 1903.]

EXECUTORS AND ADMINISTRATORS. — *Action to Enforce Payment of Legacy.—Complaint.*—In an action against an executor to compel the payment of a general legacy, a complaint is insufficient on demurrer which fails to allege that there is personal property in the custody or control of the executor from which he could pay the legacy, and contains no averments that would warrant the court in charging real estate devised with the payment thereof. *pp. 423, 424.*

APPEAL.—*Defective Complaint.— When Not Cured by Judgment.*—A finding and judgment thereon will not cure a defective complaint, where the averment of a substantive fact has been entirely omitted therefrom. *p. 424.*

From Clinton Circuit Court; *H. H. Vinton*, Special Judge.

Action by Anna Bradley, special administratrix of the estate of Philander John Bradley, deceased, against David A. Coulter and another, executors of the will of Hiram H. Bradley, deceased. From a judgment for plaintiff, defendants appeal. *Reversed.*

*H. C. Sheridan, A. H. Boulden* and *J. T. Hockman*, for appellants.

*W. R. Moore* and *C. M. Brown*, for appellee.

HENLEY, J.—Appellee Anna Bradley, as special administratrix of the estate of Philander John Bradley, de-

ceased, filed her petition in the matter of the estate of Hiram H. Bradley, deceased, of whose will the appellants Coulter and Given were the executors. Said executors had filed their final report, and the verified petition of appellee was intended to be such proceeding as is authorized by §2562 Burns 1901. However, we think this must be regarded as an action to compel the payment of a general legacy. The petition was substantially as follows: That the petitioner is a resident of the city and county of Saginaw, in the state of Michigan; that Philander John Bradley died on the 6th day of July, 1901, a resident of said county, in the state of Michigan; that said decedent died testate, and left surviving him several grandchildren, who were the children of his deceased son, Frank Bradley; that said Philander John Bradley left no widow and no surviving children; that he was a brother of Hiram H. Bradley, deceased, whose last will was duly probated in the Clinton Circuit Court; that the third item of said will was as follows: "I give and bequeath to my brother John Bradley, the sum of $1,000." That the said Philander John Bradley is the only brother of the said Hiram, named John Bradley, and that said decedent Hiram and his deceased brother Philander John, both remained at their father's home during their childhood, and until each arrived at his majority, and that the said Philander John Bradley was known to his family and to his said brother Hiram by the name of "John Bradley," and that he was always called "John," and that he is the person named and meant in the third item of the will of said Hiram; that the said Hiram and the said "John" did not meet often during the latter years of their lives; that the said "John" was a practicing physician at Saginaw, Michigan; that before he began the practice of medicine he always signed his name "John Bradley," but after he began practicing his profession he signed his name "Philander John Bradley;" that the debts and expenses of administration of the said estate of Hiram

H. Bradley are all paid; that there is in the hands of the executors of said Hiram H. Bradley's estate property of the value of $10,000; that petitioner is the duly appointed administratrix of the estate of John Bradley. To this petition appellants appeared and filed a general denial. There was a trial by the court. Judgment was rendered against appellants that appellee have and receive from appellants the sum of $1,000, that being the amount of the legacy mention in item No. 3 of the last will of Hiram H. Bradley, deceased. The court overruled appellant's motion for a new trial.

The error assigned in this court is that the complaint, or petition, does not state facts sufficient to constitute a cause of action, and that the trial court erred in overruling appellant's motion for a new trial. It is contended by counsel for the appellants that the petition, or complaint, does not allege that there was personal property in the custody or control of the executors from which they could pay the general legacies, and contains no averments that would warrant the court in charging appellant's with the payment of the legacy in the absence of personal estate. It seems to be the settled law of this State that the personal estate of a testator is the primary fund out of which legacies must be paid, unless the will by its terms shows a different intention, and before the real estate can be resorted to for the payment of legacies it must be shown that the personal estate was insufficient, or had been exhausted by the payment of debts, and if the testator provides for a legacy in his will without specifying out of what fund it shall be paid, the legal presumption is that it was his intention that it should be payable out of the personal estate only, and if the personal estate is not sufficient the legacy fails. *Lindsey* v. *Lindsey,* 45 Ind. 552; *Davidson* v. *Coon,* 125 Ind. 497, 9 L. R. A. 584; *Duncan* v. *Wallace,* 114 Ind. 169.

In an action of this character it is certainly necessary that the complaint contain averments clearly showing that

there is in the hands of the executors property which could be applied to the payment of the legacy claimed. If the executors did not have at the time the action was commenced, nor at any other time, any fund in their possession applicable to the payment of the legacy to John Bradley, no judgment for its payment could be rendered against them. The will was not made a part of the complaint. If it had been made a part of the complaint it might have overcome the objections raised, by showing that it was the intention of the testator to make the legacy herein sued for a burden upon the real estate, or that the residuary clause carried with it enough property to pay the legacies in case the personalty was deficient in this respect. The fact that the will was not made a part of the complaint, by exhibit or otherwise, even if it was a necessary part of appellee's cause of action, is not, in this case, available error, because the complaint was not attacked by demurrer in the trial court. But in this case material averments are entirely omitted in the complaint, and the finding and judgment thereon will not cure it. *Western Assur. Co.* v. *Koontz,* 17 Ind. App. 54.

"The law presumes that a testator intends that legacies shall be paid out of the personal property, as this class of property is the primary fund for the payment of all debts and legacies. Whether this was or was not his intention must be ascertained from the situation and condition of his affairs at the time he made the will. If a testator, at such time, has abundant property, the legatee will be confined to the personal estate, and if that afterwards fails the legacy fails, unless the words of the will indicate a different intention. Where a specific devise of land is made, and a general legacy is bequeathed without charging the legacy upon the land devised, it is then incumbent upon the legatee who seeks to charge the land, to show that the testator had no personal estate at the time the will was executed, out of which the legacy could be paid." Henry, Probate Law, 250.

The complaint in this case does not show whether the testator did or did not specifically devise his real estate, or that he died seized of real estate, or, if he died seized of real estate, whether any part of it was not specifically devised. Under all the authorities, we think the burden was upon the appellee to aver and prove facts showing that there came into the hands of the appellants an estate applicable to the payment of the legacy.

The judgment is reversed and the cause remanded, with leave granted appellee to amend the complaint.