## COULTER ET AL., EXECUTORS, v. BRADLEY, SPECIAL ADMINISTRATRIX.

[No. 20,381.   Filed October 6, 1904.]

DECEDENTS' ESTATES.—*Claim for Legacy.—Demurrer.*—In a proceeding under §2562 Burns 1901, it is not necessary to charge in the petition of the legatee that "there is personal property in the custody and control of the executor" in order to make such petition sufficient. *Coulter v. Bradley*, 30 Ind. App. 421, disapproved. *pp. 312, 313.*

WILLS.—*Bequest to Legatee.—Lien of, on Estate.*—Where the special findings show that testator bequeathed a legacy of $1,000 to a nephew; that he made certain other bequests; that he gave the remainder of his property, real and personal, after the satisfaction of such bequests, to certain charities, and that there was no personal estate in the hands of such executors with which to pay legacies, such findings entitle such legatee to judgment, since such legacy becomes a charge upon the whole estate in the hands of such executor. *pp. 314, 315.*

From Clinton Circuit Court; *J. F. Neal,* Special Judge.

Action by Anna Bradley as special administratrix of the estate of Frank Bradley, deceased, against David A. Coulter and Alexander B. Given as executors of the will of Hiram H. Bradley, deceased. From a judgment for plaintiff, the defendants appeal. Transferred from the Appellate Court under subdivision one, §1337j Burns 1901. *Affirmed.*

*H. C. Sheridan, C. G. Guenther* and *Braden Clark,* for appellants.

*W. R. Moore* and *E. D. Salsbury,* for appellee.

MONKS, J.—Appellee filed a petition in the court below to establish her intestate's claim to a legacy alleged to have been given by the last will of Hiram H. Bradley, deceased. The court made a special finding of facts and stated conclusions of law thereon in favor of appellee, and rendered final judgment allowing the amount of said legacy.

The errors assigned and not waived are: "(1) The petition of appellee does not state facts sufficient to constitute a cause of action; (2) the court erred in sustaining the demurrer of appellee to the first and fourth paragraphs of answer; (3) the court erred in each conclusion of law."

The sufficiency of appellee's complaint is challenged for the first time in this court. It appears from the record that after appellants, as executors of the last will of Hiram H. Bradley, deceased, had filed their final report in the court below, appellee appeared in said court, and filed a petition "in the matter of said estate," alleging that Frank Bradley, of whose estate she was special administratrix, was a legatee under the fourth item of the will of appellants' testator, which reads as follows: "I give and bequeath to my nephew Frank Bradley, son of my brother John Bradley, the sum of $1,000;" that her intestate was the Frank Bradley mentioned in said item; that the debts of said Hiram H. Bradley are paid, except a legacy of $1,000 to Philander John Bradley, a judgment for which was recovered against said executors on July 3, 1902, and that there is now at least $10,000 belonging to said estate in the hands of said executors, and said estate is unsettled, and now pending in this court.

It is evident that this is a proceeding under §2562 Burns 1901, which provides that "When a final settlement account shall have been filed, and notice given to the heirs, devisees and legatees to prove their claims to the surplus, as hereinbefore provided, they shall appear before the court, in person or by attorney, and, in case of infants or persons of unsound mind, by their guardians, and make proof of their heirship or other title to such surplus."

It is contended by appellant that the petition or complaint is insufficient, because it is not alleged "that there was personal property in the custody or control of appellants—executors—from which they could pay the general legacies, and it contains no averments that would warrant

the court in charging the executors with the payment thereof in the absence of personal estate. In other words, the petition must of itself advise the court that there is estate applicable to the payment of the legacy in controversy"— citing *Duncan* v. *Wallace* (1888), 114 Ind. 169; *Coulter* v. *Bradley* (1903), 30 Ind. App. 421.

In *Fickle* v. *Snepp* (1884), 97 Ind. 289, 49 Am. Rep. 449, a complaint was filed in a court having probate jurisdiction against the administrator with the will annexed to enforce the payment of a legacy, and it was argued that the complaint was insufficient because facts were not alleged showing that said administrator had money in his hands sufficient to pay the legacy. This court held that such allegations were not necessary to the sufficiency of the complaint. The court said: "All that a complaint need do is to state facts showing a right to an allowance; it need not anticipate defenses, nor show the existence of assets. * * * We do not find any case warranting the conclusion that a legatee is bound to aver that the administrator has assets, or that he is in all cases bound to wait until the estate is finally settled and the administrator discharged before he can have the amount of the legacy established by an order of allowance, and we are satisfied that there is no reason for such a conclusion. The cases cited by the appellants all agree that it is the duty of the administrator to pay the legacy; and if this be true it would seem clear that this duty should be performed while the representative capacity exists." All that is required of heirs and legatees by said §2562, *supra,* is that they appear and prove their heirship or other title to the estate. The final report of appellants as executors of the last will of Hiram H. Bradley, deceased, was before the court below, and appellee filed said petition as a part of said proceedings.

One of the questions to be determined under §2562, *supra,* was the distribution of said estate under the will of Hiram H. Bradley, deceased. Whether any pleadings on

---

---

the part of heirs and legatees are required under said §2562, *supra,* we need not determine, for, even if the same are necessary under the liberal rules which obtain in claims against estates, we think said petition is good as against an attack made for the first time in this court. *Fickle* v. *Snepp, supra.*

*Duncan* v. *Wallace, supra,* cited by appellants, was a suit by a legatee against devisees of real estate to charge the same with the payment of a legacy, and has no application on the point cited to cases like the one before us, against executors. So far as *Coulter* v. *Bradley, supra,* may be deemed to sustain appellants' said contention, it is disapproved.

The second, third, and fourth paragraphs of answer were answers of former adjudication, and, as the same facts that would sustain the essential allegations of said second and fourth paragraphs would sustain the third paragraph, the error, if any, in sustaining the demurrer to said second and fourth paragraphs was harmless. *Metzger* v. *Hubbard* (1899), 153 Ind. 189, 195, 196, and cases cited; *Field* v. *Noblett* (1900), 154 Ind. 357, 361, 362, and cases cited. Appellants insist that as the court in the special finding found "that no personal estate came into the hands of appellants as executors, and they received nothing and paid out nothing," appellee was not entitled to recover against them; that her remedy, if any, was against the residuary legatee. The part of the special finding necessary to the determination of this question is substantially as follows: Hiram H. Bradley was a resident of Clinton county, Indiana, and died testate in August, 1894. His last will, executed in June, 1894, was duly admitted to probate in April, 1900. Appellants were duly appointed executors of said will, and were acting as such when this proceeding was commenced. In October, 1901, appellants filed their final report as such executors in the court below, where the same is still pending. The value of the estate is $9,000, after deducting the

expenses of administration and the portion taken by the widow of the testator. The will gave the widow one-third of all the real and personal estate, but she renounced the provision of the will and elected to take under the law.

The third item gave to John Bradley, brother of the testator, $1,000. The fourth item gave to his nephew, Frank Bradley, $1,000. In the fifth item said testator devised to the city of Frankfort, Indiana, certain real estate for the purpose of establishing a free public park, upon the condition that within three years after his death said city should expend upon said land $2,000 in improving and beautifying the same; but. said city refused to accept said devise.

In the sixth item the testator gave the remainder of his estate, real and personal, that should be left after the satisfaction of the bequests made in the second, third, fourth, and fifth items, to the Frankfort Commandery No. 29, Knights Templar, in trust for the creation of a fund to be devoted to the assistance of sick, disabled, and indigent Sir Knights, who are or may become members of said commandery, and their widows and orphans.

In item seven it was provided that if said city failed to comply with the conditions in said fifth item, its rights should be forfeited, and in such event said executors should sell the land devised to said city, and pay the proceeds thereof to said commandery, to become a part of the trust fund given in trust to said commandery.

The foregoing were all the provisions of the will concerning the property of said testator. Said will was not found for five years after the death of the testator, and before the same was found the widow had been appointed administratrix of said estate, had administered thereon, and been discharged as such administratrix. No personal estate came into the hands of appellants as executors, and they have received nothing and paid out nothing as executors. Frank Bradley, appellee's intestate, died in Michi-

gan in March, 1895, and letters of administration were duly issued to appellee July 14, 1902. Appellee's said intestate is the Frank Bradley named in the fourth item of said will, to whom said testator bequeathed the sum of $1,000. Before appellee filed the petition in this proceeding she demanded of appellants, as executors, the payment of the legacy described, and the same has not been paid.

It is well settled that where a testator bequeaths certain legacies, and gives the remainder of his estate, real and personal, to certain persons, that the legacies are a charge upon the whole estate so given. *American Cannel Coal Co.* v. *Clemens* (1892), 132 Ind. 163, and cases cited; *Davidson* v. *Coon* (1890), 125 Ind. 497. Henry, Probate Law (2d ed.), 418. It will be observed in this case that only what property remains after paying the legacies mentioned in the will, including the one to appellee's intestate, is given to the commandery in trust. The property remaining after the payment of the testator's debts and the widow's share under the statute being real estate, it is clear, under the authorities cited, that the legacies are a lien thereon.

Appellants, as executors of the will, are charged with the duty of administering the estate, and as, by the terms of the will, the commandery is to have only what remains after the payment of the legacies, it is their duty to take the proper steps and sell the real estate, or so much thereof as may be necessary to pay the same. *American Cannel Coal Co.* v. *Clemens, supra,* and cases cited; Henry, Probate Law (2d ed.), §392.

The judgment of the trial court is affirmed.