## LUPTON, EXECUTOR, *v.* COFFEL.

[No. 6,941.   Filed April 18, 1911.]

1. WILLS.— *Legacies.— Actions for.— Complaint.— Essentials.—* A complaint against an executor for the allowance of a legacy need not allege that there are funds from which such legacy may be paid, or that the debts of the testatrix are all paid.   p. 448.

2. NEW TRIAL.—*Grounds for.—Rulings on Pleadings.*—Ordinarily, rulings in the making up of the issues in a case do not constitute grounds for a new trial.   p. 449.

3. NEW TRIAL.—*Grounds.—Refusing to Strike Out Complaint.— Failure to Answer Questions on Examination Before Trial.—* The refusal of the trial court to strike out the plaintiff's complaint for the reason that plaintiff refused to answer certain questions on his examination before a notary public, prior to the trial, is not a ground for a new trial.   *Trippe* v. *Carr,* 80 Ind. 371, distinguished.   p. 449.

4. DISCOVERY.—*Examination of Party.—Powers and Duties of Notaries.—Contempt.*—Where, on the filing of the complaint, defendant requires the plaintiff to be examined before a notary public, the notary has no power to compel the plaintiff to answer questions, his duty requiring him to report such refusal to the circuit or superior court, or a judge thereof, and after an order has been made by such court or judge requiring plaintiff to answer, his refusal may subject him to a proceeding for contempt, or his complaint may be stricken out.   p. 451.

5. WILLS.—*Legacies.—Evidence.*—Evidence of a will bequeathing to claimant "the sum of $600," sustains a judgment in his favor for such sum.   p. 452.

6. NEW TRIAL.—*Excessive Recovery.—Wills.—Bequests.*—That the amount of recovery is excessive, is not a ground for a new trial

in an action by a legatee to recover a legacy, such action not being "upon a contract or for the injury or detention of property" (§585 Burns 1908, §559 R. S. 1881). p. 452.

7. INTEREST.—*Wills.—Legacies.*—Where a legacy is withheld, a judgment in an action therefor should include interest thereon after one year from the death of the testatrix. p. 452.

From Randolph Circuit Court; *J. W. Macy,* Judge.

Action by Hal H. Coffel against Ambrose G. Lupton, as executor of the last will of Eliza Lupton, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Jay A. Hindman,* for appellant.
*David T. Taylor,* for appellee.

HOTTEL, J.—This is an action by appellee against appellant, as executor of the last will of Eliza Lupton, deceased. By the terms of said will, appellee was bequeathed the sum of $600. Appellant refused to pay said legacy, and thereafter, during the pendency of the settlement of said estate, appellee filed his claim for such legacy. Appellant refused to allow or disallow said claim or any part thereof, and within the time allowed by the provisions of the statute, the clerk of the Jay Circuit Court, wherein said estate was pending, duly transferred and entered the cause upon the court docket for trial. Upon appellant's application, the cause was venued to the Randolph Circuit Court, where an amended complaint was filed, whereupon, and before any answer was filed, appellant filed a verified motion to strike it out, on the grounds that appellant had notified appellee to appear at a time and place fixed, and submit to an examination, under oath, concerning the matters contained in the pleading in said cause; that at the time and place fixed both appellee and appellant, in person and by their respective attorneys, appeared, and appellant, by his attorney, proceeded to examine appellee "in relation to his indebtedness to said estate, * * * the averments contained in the statement of his claim, * * * and * * * certain matters of set-off and deduction to which said estate is en-

titled.'' The motion then sets out the examination of appellee, which discloses that appellee, on advice of counsel, refused to answer certain questions propounded to him. The court overruled the motion to strike out the complaint, to which appellant excepted, and then filed a demurrer which was also overruled. An answer of set-off was filed and a general denial thereto, and upon the issues thus formed there was a trial by the court with a finding and judgment allowing appellee's claim in the sum of $653.50, from which judgment this appeal was taken.

The assigned errors presented are as follows: (1) The overruling of appellant's demurrer to the amended complaint, and (2) the error in overruling appellant's
1. motion for a new trial. The objections urged to the complaint are as follows: (1) That it ''fails to show that there was any fund out of which the legacy sued for could be paid,'' and (2) that it ''does not show that the debts of the testatrix were all paid when the action was brought.'' To support this contention, appellant cites the cases of *Coulter* v. *Bradley* (1903), 30 Ind. App. 421, and *Holland* v. *Holland* (1892), 131 Ind. 196. See, also, §2901 Burns 1908, subd. 8, §2378 R. S. 1881.

Section 2901, *supra,* and the case of *Holland* v. *Holland, supra,* are authority upon the subject of the payment of a legacy, but not upon its allowance, and the case of *Coulter* v. *Bradley, supra,* in so far as it is an authority in the case at bar, was disapproved by the Supreme Court in the case of *Coulter* v. *Bradley* (1904), 163 Ind. 311.

In the case of *Fickle* v. *Snepp* (1884), 97 Ind. 289, at p. 293, 49 Am. Rep. 449, the Supreme Court, in discussing the question here involved, said: ''All that a complaint need do is to state facts showing a right to an allowance; it need not anticipate defenses, nor show the existence of assets. * * * We do not find any case warranting the conclusion that a legatee is bound to aver that the administrator has assets, or that he is in all cases bound to wait until the estate is finally

settled and the administrator discharged before he can have the amount of the legacy established by an order of allowance, and we are satisfied that there is no reason for such a conclusion.'' The language just quoted is quoted with approval in the case of *Coulter* v. *Bradley* (1904), 163 Ind. 311. Under these cases, it seems clear that the complaint is not rendered insufficient because of the omission of the allegations which appellant insists it should have contained.

The first ground of the motion for a new trial relied upon by appellant, is that ''the court erred in overruling defendant's motion to strike out plaintiff's complaint.''

2. Appellee insists that this ruling of the court is not ground for a new trial, and is not, therefore, presented by the error assigned in overruling a motion for a new trial. As a general rule, any ruling of the court, made in making up the issues, or with reference to filing or striking out pleadings, is not cause for a new trial. *Milliken* v. *Ham* (1871), 36 Ind. 166; *Brackett* v. *Brackett* (1899), 23 Ind. App. 530; *Fireman's Fund Ins. Co.* v. *Finkelstein* (1905), 164 Ind. 376; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12; *Leiter* v. *Jackson* (1893), 8 Ind. App. 98; *Bement* v. *May* (1893), 135 Ind. 664, 675; *Sim* v. *Hurst* (1873), 44 Ind. 579; *Fleming* v. *Dorst* (1862), 18 Ind. 493; *Shafer* v. *Bronenberg* (1873), 42 Ind. 89.

Counsel for appellant insists that the case of *Trippe* v. *Carr* (1881), 80 Ind. 371, supports his contention that this question is properly presented by a motion for a new

3. trial. In that case the question was, as we view it, very different from the one here presented. The ground for a motion for a new trial here, is simply that the court erred in overruling appellant's motion to strike out the amended complaint, while in the case of *Trippe* v. *Carr*, *supra*, the ground for a motion for a new trial was as follows: '' (2). Error of law at the trial, excepted to at the time, to wit, in striking out the second paragraph of the

plaintiff's reply, and in refusing to give judgment against Henry H. Walker and Patrick Huncheon, and to strike out their answers, on account of the failure of said defendants to appear in obedience to the subpoena served on each of them, to appear as witnesses in behalf of said plaintiff.''

When the case of *Trippe* v. *Carr, supra,* was decided, the statute providing for the examination of parties was different from the present statute, and did not contain the provision that the present statute contains, which limits the adverse party in his examination of the other party, the limitation being, ''concerning any matter stated in the pleading.'' In that case the party was subpoenaed as a witness to testify upon the trial of the cause, and failing to appear and so testify, the court was clearly right in holding that the error was properly presented as a reason for a new trial, because the error complained of related to the trial itself, and was connected with and was a part of the proceedings of the trial, and fell within matters contemplated by a motion for a new trial. In this case, however, appellee was notified by appellant before the issues were made, and before any pleading, other than the original claim, was filed, to appear before an officer at a time and place fixed by the adverse party, to be examined, the purpose evidently being to get the benefit of the evidence before the trial, and to get whatever benefit might result therefrom in making up the issues. Failing to get the answers to certain questions propounded, appellant sought to strike out the amended complaint. The effect upon the trial of a cause, of striking out, or refusing to strike out, a pleading, in advance of the trial, is the same, whatever may be the ground therefor, the effect always being, depending upon the ruling, either to permit or to prevent the introduction of evidence upon the issues tendered by such pleading. This being true, we can see no reason why the ruling on the motion to strike out in this case, being in advance of the trial and not growing out of any proceedings or requirements connected therewith, should

constitute an exception to the general rule stated; but it seems to us clear that this ruling was one made in making up the issues, and affected the pleadings, and therefore falls within said general rule laid down in the cases cited, which hold that such rulings are not causes for a new trial. This view is supported by the following cases: *Chaffin* v. *Brownfield* (1882), 88 Ind. 305; *Bish* v. *Beatty* (1883), 111 Ind. 403; *Cates* v. *Thayer* (1884), 93 Ind. 156; *McSwane* v. *Foreman* (1906), 167 Ind. 171. In each of these cases (the latter being a case where the party failed to answer interrogatories) the question was presented by an independent assignment of error, and not as ground for a new trial.

But there is another reason why no available error was committed by the court in overruling this motion. There was no pleading on file in the cause at or before the time of said examination of appellee, except his claim.

The examination was before the trial, and was taken before a notary public. In such cases the practice which obtains in the taking of depositions of other witnesses is applicable. It is not within the power of the notary to compel the witness to answer the questions propounded, but in case such witness refuses to testify, it becomes the duty of the notary, under the law, to report such fact "to any circuit or superior court of the county, or the judge thereof, and such court or judge shall order such witness to attend and testify," etc. §442 Burns 1908, §426 R. S. 1881.

The notary before whom this examination was had made no such report to the court. Whether appellee was in contempt was a question to be determined by the court, and it could not be said that appellee was guilty of such contempt until appellant procured an order from the court requiring him to answer at a time and place fixed by the court, and then, on refusal to answer, he might be in contempt and his complaint might be stricken out, but not before. The case of *Citizens Nat. Bank* v. *Alexander* (1905), 34 Ind. App.

596, is decisive of this question. To the same effect are the cases of *Chaffin* v. *Brownfield, supra,* and *Bish* v. *Beatty, supra.*

5.     The second ground for a new trial relates to the sufficiency of the evidence. The will was introduced in evidence, and item six provided as follows:

"I give and bequeath to my nephew Hal H. Coffel the sum of $600."

The court was entirely justified by the evidence in finding against appellant on his plea in set-off. The evidence was sufficient to sustain the finding of the court.

The only remaining ground for a new trial discussed by appellant is the fifth, which is "that the assessment of the amount of recovery is erroneous, in that it is too large." We do not think this a proper ground for a new trial in this kind of a case. It could only fall under subdivision five of §585 Burns 1908, §559 R. S. 1881, which provides for a new trial "where the action is upon a contract or for the injury or detention of property," and it cannot be said that the action in this case is either "upon contract or for the injury or detention of property." But under the proof, we could not say that the amount of the allowance was excessive. As before stated, the proof warranted the court in finding against appellant on his set-off, so that the only ground for holding the amount of the judgment excessive would be because of an item of interest included therein. The court allowed interest on the legacy from one year after the death of the testatrix to the date of the allowance. The decisions justify this allowance.

In the case of *Case* v. *Case* (1875), 51 Ind. 277, the Supreme Court said: "It may be conceded to be the general rule, that where a general legacy is given, no time of payment being specified, it will draw interest only after the expiration of a year from the death of the testator." To the same effect are the following cases: *State, ex rel.,* v. *Cross-*

*ley* (1879), 69 Ind. 203, 211; *Clark* v. *Helm* (1891), 130 Ind. 117, 119, 14 L. R. A. 716; *Brown* v. *Bernhamer* (1902), 159 Ind. 538.

No error was committed by overruling the motion for a new trial. Judgment affirmed.