No. 10,459.

## BURTT v. PYLE.

NOTARY PUBLIC.—*Contempt.*—*Depositions.*—*False Imprisonment.*—A notary public has no power, either at common law or by statute, when taking a deposition, to punish the witness as for contempt for contumacious refusal to answer proper questions; and where the witness was committed to jail for such refusal, an action for false imprisonment will lie against the notary.

From the Floyd Circuit Court.

*J. K. Marsh, H. A. Burtt* and *A. Dowling*, for appellant.

*P. H. Jewett, C. L. Jewett* and *H. E. Jewett*, for appellee.

HAMMOND, J.—Action by the appellee against the appellant for damages for false imprisonment.

The appellant, in the second paragraph of his answer, justified the imprisonment on the ground that he was a notary public, lawfully and properly engaged in taking the appellee's deposition, to be used as evidence in a case pending in the

Clark Circuit Court; that the appellee, in obedience to a summons, appeared before the appellant as a witness in said case and was duly sworn, but refused to testify or answer proper questions; that for such refusal the appellant, as such notary public, adjudged the appellee guilty of contempt, and as punishment for his contempt,·and for the purpose of compelling him to testify and answer such questions, committed him to the county jail for the period of three hours.

The answer is sufficient, provided the law authorized notaries public to punish contumacious witnesses, whose depositions were being taken before them, by imprisonment for refusing to testify or answer legally propounded questions. The court sustained a demurrer to the above answer. The appellant excepted, and the ruling of the court in sustaining the demurrer is the only error assigned in this court.

The common law did not authorize a notary public to take depositions; such authority is conferred only by statute. With respect to taking depositions, and the manner of taking them, the powers of notaries are prescribed and limited by legislative enactment. The statute of this State authorizes them to take depositions and to compel the attendance of witnesses; but they have no power to punish for contempt the refusal of a witness to respond to an interrogatory. By the present statute, R. S. 1881, section 426, the officer taking a deposition may invoke the assistance of the circuit or superior court of the county, or the judge thereof, to compel the attendance or coerce the evidence of an unwilling witness. This statute was not in force at the time of the grievance set out in the appellee's complaint; but the fact that the Legislature at that time had provided no remedy to compel a witness to testify by deposition, did not excuse the appellant for seeking a remedy outside of the statute.

The appellant calls our attention to *In Re Abeles*, 12 Kan. 451, *Ex parte McKee*, 18 Mo. 599, and *Ex parte Mallinkrodt*, 20 Mo. 493; but these cases are not authority in this State. The statutes of those States expressly authorize offi-

cers taking depositions, including notaries public, to imprison a witness, as for contempt, for refusal to answer a proper question in the taking of his deposition.

Our conclusion is, that as the statutes of this State do not empower a notary public to punish for contempt, by fine or imprisonment, for disobedience of his authority in taking depositions, he has no legal right to inflict either of these penalties for such disobedience.

The second paragraph of the appellant's answer was insufficient, and the demurrer to it was properly sustained.

The judgment is affirmed, at the appellant's costs.