CITIZENS NATIONAL BANK OF GREENSBURG v. ALEXANDER.

[No. 5,140. Filed February 16, 1905.]

1. DISCOVERY.—*Statutory Examination of Party.*—*Second Examination.*—It is within the power of a court to order a second examination of a party where it is shown that such party failed and refused to answer questions submitted in such first examination. p. 599.

2. CONTEMPT.—*Refusal of Party to Answer Questions on Statutory Examination.*—Whether a party who fails or refuses to answer questions on an examination under the statute is guilty of a contempt is a question largely in the discretion of the trial court. p. 599.

3. CONSTITUTIONAL LAW.—*Defense.*—*Refusal to Permit.*—*Contempt.*—*Due Process of Law.*—The denial of the right of defense because the defendant has committed contempt, constitutes the taking of his property without due process of law. p. 599.

4. COSTS.—*Examination of Party.*—*Failure to Read.*—Where a party takes a statutory examination of the adverse party, and fails to read such examination on the trial of such cause, the cost thereof is taxable against the party taking same. p. 599.

5. CONTEMPT.—*Striking Out Demurrer.*—Where plaintiff moves to strike out defendant's demurrer to the complaint on account of alleged contempt of defendant in failing to answer questions on a statutory examination of such defendant, such motion should be overruled. p. 600.

6. APPEAL AND ERROR.—*Supreme Court Rules.*—Where appellant assigns as error the sustaining of defendant's demurrer to plaintiff's

complaint, but fails to set out a copy of such demurrer in his brief, no question is presented.  p. 600.

7.  DISCOVERY.—*Statutory Examination of Party.—Refusal to Testify. —Remedy.*—Where a party fails or refuses to testify on examination under the statute, such fact, at the request of the other party, should be reported by the officer taking such examination, to the circuit or superior judge, who "shall order such party to appear and testify." (See concurring opinion, Roby, J.)  p. 600.

From Decatur Circuit Court; *Francis T. Hord,* Judge.

Action by the Citizens National Bank of Greensburg against Mary M. Alexander.  From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*J. K. Ewing* and *G. L. Tremain,* for appellant.

*Benjamin F. Bennett, Thomas E. Davidson* and *John F. Goddard,* for appellee.

COMSTOCK, C. J.—The complaint was in two paragraphs. The second was dismissed.  The first was upon a promissory note against appellee and others for $2,000.

Plaintiff dismissed as to all the defendants except Mary M. Alexander.  The plaintiff had an examination of all of the defendants, under §§517-521 Burns 1901, §§509-513 R. S.  1881, and, for failure to answer questions, moved for judgment against Mary M. Alexander under §521, *supra,* basing the same upon the affidavit of the president of the appellant bank and making the examination of said parties defendant a part of the motion.  Upon leave of court Mary M. Alexander filed her verified answer to plaintiff's motion for judgment, which, in substance, was as follows: That appellee appeared before the officer designated in the notice, and submitted to an examination at the instance of the appellant; that she was represented by counsel, and upon their advice, and without any disrespect to the officer or court or the majesty of the law, and without endeavoring to conceal or withhold any information, she, acting in good faith, the same as she would upon the witness-stand had her examination been conducted at the trial instead of before the

trial, did not answer such questions propounded by appellant as were objected to by her counsel; that she has at all times been willing to answer such questions as the court shall determine relevant and proper; that she was not at the time of the execution of the note a partner; that she did not execute the note in suit, or authorize anyone to execute it for her; and that she had a full and complete defense to appellant's action.

The plaintiff moved to strike out said verified answer to plaintiff's motion for judgment, upon the grounds: (1) That the affidavit contains a sworn denial of the execution of the note, and is a full answer to plaintiff's complaint on the merits, and is triable by a jury, and would defeat the power of this court to pass upon plaintiff's motion for judgment, and that it is too late to answer to the merits after the filing and pendency of plaintiff's motion for judgment. (2) That the affidavit is contrary to the law, in this, that there is no statute authorizing a second or subsequent examination after the party has once been duly summoned to appear, and wilfully refused to answer material and pertinent questions. (3) For the further reason that said affidavit does not show that the questions which said defendant refused to answer in the first examination were immaterial or impertinent. The motion was overruled, and plaintiff excepted.

The court also overruled plaintiff's motion for judgment against appellee for her failure to answer questions. Thereupon the court of its own motion directed that the defendant Mary M. Alexander appear and answer all questions propounded to her and refused to be answered by her, upon proper notice being given by the plaintiff of the time and place of examination, to which order plaintiff's attorney at the time objected and excepted on the ground that there was no statute or practice authorizing such examination, and for the further reason that said examination was solely for the benefit of the said Mary M. Alexander, to enable her to

purge herself of contempt, and it was not plaintiff's duty to act for her to accomplish this result, and plaintiff preferred to stand on its exceptions to former rulings. It does not appear from the record that appellant objected and excepted to the act of the court in granting appellee leave to file her verified answer.

1. We think it was within the power of the court to direct appellee to appear again for examination, but if it was not, its purpose was to give appellant an opportunity to obtain the information which it professed to want, and the action of the court was therefore harmless.

2. Whether appellee was in contempt of court was a question to be determined by the court. It was also for the court to determine whether, if in contempt, appellee had not purged herself. The punishment for contempt is always largely within the sound discretion of the trial court. *Stuart* v. *Allen* (1878), 45 Wis. 158; *Chaffin* v. *Brownfield* (1882), 88 Ind. 306.

3. To refuse to permit appellee to disclaim any disrespect for the court or its order to explain her conduct would have seemed an arbitrary exercise of authority. Courts have gone so far as to hold that to deny a party the right of defense because of an alleged contempt was to be the taking of property without due process of law. *Harley* v. *Montana Ore, etc., Co.* (1903), 27 Mont. 388, 71 Pac. 407; *Sibley* v. *Sibley* (1902), 78 N. Y. Supp. 743. See, also, *Hovey* v. *Elliott* (1897), 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215, which is an instructive opinion reviewing and considering the judicial history of the law concerning contempts in England and in this country.

4. The court overruled plaintiff's motion to tax the costs of the first examination and subsequent examination. It is claimed that this was error. The statute (§519 Burns 1901, §511 R. S. 1881) provides that if an examination of a party is not read upon the trial the party causing the examination shall pay the costs thereof. Costs are taxed as

an incident against the losing party. The appeal is from the judgment as an entirety. *Studabaker* v. *Markley* (1893), 7 Ind. App. 368, 373.

5. The court overruled plaintiff's motion to strike out appellee's demurrer to the complaint. The motion was correctly overruled. *White* v. *Morgan & Co.* (1889), 119 Ind. 338.

6. The remaining question arises out of the action of the court in sustaining appellee's demurrer to the first paragraph of the complaint. Appellee insists that appellant has waived this specification of error by its failure to set out in its brief a copy of the demurrer in question. The point is well taken. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Chicago, etc., Co.* v. *Walton* (1905), 165 Ind. —. The plaintiff refusing to plead further, judgment may be rendered in favor of appellee.

We find no reversible error. Judgment affirmed.

## CONCURRING OPINION.

ROBY, J.—7. The statute permits a party to be examined as a witness, either at the trial, or conditionally, or upon commission. §517 Burns 1901, §509 R. S. 1881. Where the examination is taken before the trial, as in the case at bar, the practice obtaining in the case of other witnesses examined by deposition is applicable. The notary before whom the examination is taken has no power to compel the witness to testify. §8039 Burns 1901, §5964 R. S. 1881; *Burtt* v. *Pyle* (1883), 89 Ind. 398; *Wehrs* v. *State* (1892), 132 Ind. 157; *Keller* v. *B. F. Goodrich Co.* (1888), 117 Ind. 556. In case of his refusal to testify "such fact shall be reported by the officer to any circuit or superior court of the county, or the judge thereof, and such court or judge shall order such witness to attend and testify." §430 Burns 1901, §426 R. S. 1881. If a party might refuse to answer at his own option, the statute per-

mitting his examination would be worthless.   Upon the other hand, if his pleadings might be stricken out for refusing to answer any question asked him, he would be at the mercy of his adversary, and might' be deprived of his constitutional rights.   It follows that he may decline to answer, pending a ruling by the court or judge.

It affirmatively appears that the officer taking the examination did not report the refusal of the witness, as it would have been his duty, upon request, to have done. Waiving any irregularities in the manner in which the question was presented to the court, it appears that an order was made under which appellant could have proceeded with the examination, and that it declined to avail itself of it.

I therefore concur in the affirmance of the judgment, but do not assent to any expression tending to cast doubt upon the power of the court to enforce the penalties specified in §521 Burns 1901, §513 R. S. 1881.