## HOFFBAUER *v.* MORGAN ET AL.

### [No. 21,365.    Filed May 14, 1909.]

1. APPEAL.—*Instructions.—Exceptions.—How Taken.*—Where instructions given by the court had on their margins the words: "Given by the court on its own motion and excepted to at the time by the plaintiff, signed March 12, 1907," such annotation being signed by the judge, they are properly a part of the record and the exceptions thereto are properly saved (§§558, 560 Burns 1908, §§533, 535 R. S. 1881).  p. 275.

2. TRIAL.—*Instructions.—Wills.—Presumptions in Favor of Validity.*—An instruction, in a proceeding to probate an alleged will, that the presumption is that every will apparently executed with the requisite legal formalities, was fairly executed without fraud, duress or undue influence, and that the testatrix was a person of sound mind, is erroneous, there being no such presumption under such circumstances.  p. 275.

3. TRIAL.—*Burden of Proof.—Wills.—Probate.*—In a proceeding to probate a will, the burden is on the proponents to establish the due execution thereof, as well as the testamentary capacity of the testatrix. *Steinkuehler* v. *Wempner*, 169 Ind. 154, limited.  p. 275.

4. APPEAL.—*Harmless Error.—Introduction of Evidence.—Trial.*— Compelling a party to introduce his evidence in an irregular or inverse order may not constitute reversible error.  p. 276.

5. APPEAL.— *Instructions.— Relevancy.— Evidence.— Want of.*— Where the evidence is not brought into the record on appeal, the presumption is that there was evidence introduced making relevant the instructions given.  p. 276.

6. APPEAL.—*Instructions.—Erroneous.—Evidence Not in Record.*— Where the instructions complained of are erroneous under any evidence admissible in the case, the judgment will be reversed, though the evidence is not brought into the record.  p. 276.

7. TRIAL.—*Instructions.—Testamentary Capacity.—Comparisons.— Wills.*—An instruction, in a proceeding to probate a will, that in determining the soundness of testatrix's mind at the time of the execution of the will, she should be compared at said time with herself at other times when she was not alleged to be of unsound mind, fixes an erroneous standard for determining testamentary capacity.  p. 276.

8. WILLS.—*Testamentary Capacity.—Standard.*—If a testator has sufficient strength of mind to know the extent and value of his property, the number and names of those who are the natural

objects of his bounty, their deserts with reference to their con-
duct toward him, their capacities and necessities, and can retain
such facts long enough to execute a will, he has testamentary
capacity. p. 277.

9. APPEAL.—*Instructions.*—*Burden of Proof.*—An instruction defin-
ing the burden of proof, and charging that those having the bur-
den must fail where the proof is equally balanced, is erroneous,
where a former instruction had placed the burden upon the wrong
party. p. 277.

From Marion Circuit Court (15,583); *Henry Clay Allen,*
Judge.

Application by Joseph R. Morgan and others for the pro-
bate of the will of Assenath Showalter, deceased, to which
Viola Hoffbauer objects. From a judgment for plaintiffs,
defendant appeals. *Reversed.*

*William P. Herod* and *John P. Leyendecker,* for appellant.
*Morgan & Morgan* and *Henry N. Spaan,* for appellees.

MONTGOMERY, J.—Appellees proposed for probate the al-
leged will of Assenath Showalter, deceased, to which appel-
lant filed verified objections. Appellant's objections averred:
(1) that the testatrix was of unsound mind; (2) that the
instrument was unduly executed; (3) that the execution of
the pretended will was procured (a) by the undue influence
of Miriam Gerhardt; (b) by the undue influence of appellee
Morgan; (c) by fraud; (4) that the pretended will was
not executed by the testatrix, nor by others in her presence
or with her knowledge or consent. Appellees filed a general
denial to these charges, and the cause was submitted to a
jury for trial, which resulted in a verdict sustaining the
validity of the will.

Appellant has assigned error upon the overruling of her
motion for a new trial. It was alleged in the motion for a
new trial that the court erred in giving to the jury each of
the instructions numbered respectively one, two, nine and
fifteen.

Appellees' counsel insist that appellant's exceptions to
these instructions are unavailing, because not taken in ac-

cordance with the provisions of the act of March 12, 1907 (Acts 1907, p. 652, §561 Burns 1908). On the margin opposite each of said instructions appellant caused a notation to be made at the time of giving the same, in these words: "Given by the court on its own motion and excepted to at the time by the plaintiff. Signed March 12, 1907." This notation was signed by the trial judge, and on the same date all the instructions were filed and ordered made a part of the record. This was a full compliance with the provisions of §§558, 560 Burns 1908, §§533, 535 R. S. 1881, which are still in force, and the instructions are accordingly in the record, and appellant's exceptions thereto properly saved. *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449.

In instruction one the court charged the jury that the burden of establishing by a preponderance of evidence all the allegations against the validity of the proffered will rested upon appellant. The second instruction declared the law to be that: "In the absence of any evidence to the contrary, the law presumes every will, apparently executed with the formalities prescribed by law, as is the will in question, to have been fairly executed without fraud, duress or undue influence, and that the testator was a person of sound mind, and whoever alleges the contrary has the burden of proving and sustaining such allegation." These instructions were manifestly erroneous. No presumption of law attaches to a paper purporting to be a will, which has not been established as such, in an action to determine the question of its validity. In a proceeding for the probate of an alleged will the burden is on the proponents to prove not only its due execution, but also the testamentary capacity of the testator at the time of executing the instrument. *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 15 L. R. A. (N. S.) 673, and cases cited.

In the case just cited it was said that the error of the court in imposing upon the objectors the burden of proving want

of testamentary capacity might not require a reversal of the cause if the result were manifestly right.    The erroneous act of the court, to which reference was there made, was in requiring the objectors to take the initiative in the introduction of evidence, and the statement must be limited to the facts of that case.    The introduction of testimony in an irregular or inverse order may not constitute such harmful error as to necessitate a reversal of the judgment, and certainly ought not to do so when the judgment is manifestly right upon the whole evidence.    The evidence has not been brought up with this appeal, but it will be presumed that there was sufficient evidence to make these instructions relevant.    The first and second instructions were radically wrong in declaring that the law presumes the sanity of a testator upon the trial of an issue involving that fact, and imposes upon the objectors to the probate of an alleged will the burden of proof of a want of testamentary capacity.    These instructions could not become proper under any conceivable state of the evidence, and in such cases the cause must be reversed, although the evidence is not in the record.    *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509; *Wenning* v. *Teeple* (1896), 144 Ind. 189; *Rapp* v. *Kester* (1890), 125 Ind. 79; *Terry* v. *Shively* (1878), 64 Ind. 106; *Evans* v. *Gallantine* (1877), 57 Ind. 367; *Lindley* v. *Dempsey* (1873), 45 Ind. 246; *Murray* v. *Fry* (1855), 6 Ind. 371; *Southern Ind. R. Co.* v. *Moore* (1902), 29 Ind. App. 52.

Instruction nine was as follows: "In determining whether said decedent was of unsound mind at the time the instrument in controversy was signed and witnessed by her, she should be compared with herself and not with others; her manner, talk and action at the time, when it is alleged she was of unsound mind, should be compared with her manner, talk and actions at a time when she was not charged to have been of unsound mind."

This instruction cannot be approved.    The standard of

testamentary capacity is well established, and does not require a resort to comparisons between the mental 8. status of the testator at different times, or between the mental condition of the testator and other persons. If a testator possesses sufficient strength of mind and memory to know the extent and value of his property, the number and names of those who are the natural objects of his bounty, their deserts with reference to their conduct toward and treatment of him, their capacity and necessity, and has sufficient active memory to retain all these facts in mind long enough to have his will prepared and executed, he must be regarded as of sound mind under the well-established tests governing such cases. *Wait* v. *Westfall* (1904), 161 Ind. 648; *Teegarden* v. *Lewis* (1896), 145 Ind. 98, 101; *Burkhart* v. *Gladish* (1890), 123 Ind. 337; *Cline* v. *Lindsey* (1887), 110 Ind. 337.

The fifteenth instruction explained the meaning of the term "burden of proof," and directed the jurors that, if the evidence upon any issue were equally balanced, 9. they should find against the party upon whom the burden of proving such issue rested. This instruction was not erroneous in itself, but, taken in connection with the first and second, clearly imposed upon appellant a burden which appellees were, under the law, required to assume and bear in this proceeding. The motion for a new trial should have been sustained, for error in giving instructions one, two and nine.

The judgment is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.