KWIATKOWSKI v. PUTZHAVEN.

[No. 23,380. Filed February 6, 1920.]

1. CONSTITUTIONAL LAW.—Depositions.—Refusal to Testify.—Contempt.—Section 537 Burns 1914, §513 R. S. 1881, providing for punishment of a person for failing to attend and testify at a proceeding to take his examination before trial, is not violative of the due, process clause of the fourteenth amendment of the federal Constitution, in view of §442 Burns 1914, §426 R. S. 1881, which provides an orderly procedure for such person to be heard by himself and counsel before enforcement of the penalty prescribed by §537. p. 123.

2. DEPOSITIONS.—Refusal of Witness to Testify.—Contempt.—Since a proceeding to take the testimony of a party before trial, under §537 Burns 1914, §513 R. S. 1881, is governed by the same rules provided for the taking of depositions, it is the duty of the officer in case of the refusal of the witness to attend and testify to report the fact to any circuit on superior court, or the judge

thereof, as provided in §442 Burns 1914, §426 R. S. 1881, which section makes it the duty of the judge to order the witness to attend and testify, and prescribes punishment for contempt in case the witness fails or refuses to obey such orders.  p. 123.

3. DEPOSITIONS.—*Foreign Plaintiff as Witness.—Rules.*—Though the plaintiff was a resident of another state, he was subject to examination as a witness under the same rules governing the examination of any other witness, in view of §533 Burns 1914, §509 R. S. 1881; hence, his deposition or examination could be taken before a notary under §434 Burns 1914, §433 R. S. 1881. p. 124.

4. DEPOSITIONS.—*NonresidentNotary.—Authority.*—A notary publicc of another state is not required to have a commission or dedimus as authority for the taking of a deposition of a witness residing in such state, in view of §449 Burns 1914, §433 R. S. 1881.  p. 124.

5. EVIDENCE.—*Deposition.—Certificate of Foreign Notary.—Presumption.*—The objections of the plaintiff, a resident of Illinois, to his examination as a witness before trial on the ground that the notary public was not authorized to take such examination are of no avail, where the objections were not supported by pleading the laws of such state, since, under §476 Burns 1914, §460 R. S. 1881, a presumption arises in favor of the notary's certificate, which was under seal and stated that the notary public was duly authorized by the laws of such state to take depositions. p. 125.

6. DEPOSITIONS.—*Nonresident Witness.—Refusal to Testify.—Contempt.—Procedure.*—Where a nonresident plaintiff, whose examination was sought under §533 Burns 1914, §509 R. S. 1881, refused to answer certain questions and to sign his examination, but such refusal was not brought to the attention of a court or judge, as required by §442 Burns 1914, §426 R. S. 1881, he could not be penalized for contempt, under §537 Burns 1914, §513 R. S. 1881, by having his complaint stricken from the files.  p. 125.

7. DEPOSITIONS.—*Scope of Examination.*—Though under §533 Burns 1914, §509 R. S. 1881, the defendant had the right to examine the plaintiff as a witness before trial, such examination was limited to matters stated in the complaint, the plaintiff not being required to answer irrelevant or impertinent questions. p. 126.

From Porter Circuit Court; *H. H. Loring*, Judge.

Suit by John Kwiatkowski against Michael Putzhaven. From a judgment for the defendant, the

plaintiff appeals. (Transferred from the Appellate Court under §1392 Burns 1914, Acts 1907 p. 237.) *Reversed.*

*Jesse M. Stiles, David A. Pepp* and *Blum & Blum,* for appellant.

*C. W. Jensen, E. D. Crumpacker, Grant Crumpacker & O. L. Crumpacker,* for appellee.

MYERS, J.—On October 26, 1916, appellant brought this suit against appellee for specific performance of a certain written contract for the exchange of certain real estate. Upon the application of appellee the trial court on January 2, 1917, by agreement of the parties entered an order: "That plaintiff appear before a notary public, or a person authorized to administer oaths, at the office of Leo L. Brunhild in room 1420 Unity Building, 127 N. Dearborn street, Chicago, Illinois, on the 6th day of January, 1917, at 1:30 P. M. then and there to submit to a conditional examination as a party plaintiff herein."

Pursuant to the order so made, appellant with counsel appeared at the time and place fixed by the order and was sworn as a witness by Margaret A. Lynch, a notary public for Cook county, State of Illinois. Thereupon his counsel interposed the objection that, under the statutes of the State of Illinois, a notary public was not authorized to administer oaths to a witness, and further that no commission or dedimus had been issued by any court of competent jurisdiction in the State of Indiana to such notary authorizing her to administer an oath to the party called for examination. Appellant was then asked and answered 200 questions, and, upon the advice of counsel, he refused to answer twenty-four questions propounded

by counsel for appellee. There was no cross-examination. At the close of the examination, appellant, by his counsel, moved to strike out the entire examination for the reasons stated above. And on the advice of counsel he refused to sign the examination on the same grounds and because the examination was taken without authority in law. The examination so taken was duly certified by the notary public, in form, as provided by the laws of this state, and the signature and official character of such notary was duly authenticated by the county clerk of Cook county, Illinois.

On February 23, 1917, appellee filed his verified motion to strike out appellant's complaint because of his refusal to answer certain designated questions, and because of his refusal to sign the examination. The examination as taken, the objections offered by appellant heretofore noted, the certificate of the notary public, and certificate and authentication by the clerk of Cook county, are made a part of appellee's motion. It appears from an order-book entry dated March 9, 1917, that the motion came on for hearing, and at the conclusion of the argument of counsel of both appellee and appellant the court sustained the motion and struck out plaintiff's complaint. The certificate of the trial judge to the bill of exceptions bringing the motion into the record recites that: "The court after considering said motion and petition, the evidence and argument of counsel in support and opposition thereto, and being fully advised in the premises, sustained the motion and the plaintiff's complaint in this cause was stricken out."

Appellant insists, first, that §537 Burns 1914, §513 R. S. 1881, is unconstitutional for the reason that it

violates the due process clause of the fourteenth amendment of our federal Constitution.

It is evident, from the record in this case, that the trial court in sustaining appellee's motion and in striking out appellant's complaint based its 1. authority so to do on §537, *supra,* which provides that: "Any party refusing to attend and testify, as above provided, may be punished for a contempt; and his complaint, answer, or reply may be stricken out." If this section of our statute stood alone, there might be some grounds for appellant's insistence, but when it is considered in connection with other statutory provisions, §442 Burns 1914, §426 R. S. 1881, with reference to the taking of depositions, in which an orderly procedure is pointed out and whereby a party is entitled to be heard by himself and counsel before the court is authorized to invoke the penalty prescribed by §537, *supra,* we are convinced that due process of law is not withheld in such cases. The due process rule broadly stated only "requires an orderly proceeding, adapted to the case, in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights." 6 R. C. L. p. 450, §446; *Falender* v. *Atkins* (1917), 186 Ind. 455, 460, 114 N. E. 965.

From what we shall hereafter say in passing on other questions, it will be seen that the practice or procedure in this class of cases fully meets the constitutional requirements of the due process clause.

The authority to take an examination as in this case is given by statute. §533 Burns 1914, §509 R. S. 1881. The procedure in case of a refusal to 2. answer questions is the same as that governing the taking of depositions generally. While an

officer before whom a deposition is to be taken cannot compel a witness to answer questions or punish for contempt, yet by statute it is made the duty of such officer, "in case of the refusal of a witness to attend or testify," to report that fact "to any circuit or superior court of the county, or the judge thereof, and such court or judge shall order such witness to attend and testify; and on failure or refusal to obey such order such witness shall be dealt with as for a contempt." §442 Burns 1914, *supra*.

In the case of *Keller* v. *B. F. Goodrich Co.* (1889), 117 Ind. 556, 562, 19 N. E. 196, 10 Am. St. 88, it is said: "On the principle of comity, the courts of the state where a deposition is taken to be used in another state will exercise their authority, when appropriately invoked, to secure competent testimony, and will assist an officer within their jurisdiction, when assistance is properly asked, to secure answers to competent questions."

Concerning appellant's objections, heretofore noted, the record shows that the person before whom the deposition was taken was a notary public of Cook county, Illinois, and the county in which appellant resided. Appellant, being a party to the action, was subject to examination as a witness under the same rules governing the examination of any other witness (§533, *supra*) ; and although a nonresident, the authority to take his deposition or examination before a notary public is given by statute (§434 Burns 1914, §418 R. S. 1881) and, in this connection, it may be noted that a notary public of another state is no longer required to have a commission or dedimus authorizing him to act in such matters. §449 Burns 1914, §433 R. S.

1881; *Midland Steel Co.* v. *Citizens Nat. Bank* (1904), 34 Ind. App. 107, 72 N. E. 290. Nor is the rule changed by the fact that the deposition to be taken is that of a party to the action. *Abshire* v. *Mather.* (1866), 27 Ind. 381.

In the case at bar, it will be noticed that appellant does not attempt to sustain his objections by pleading the laws of Illinois or in any other manner.

5. Hence such unsupported objections are nothing more than mere assertions, and will not overcome the presumption of authentic action arising from the notary's certificate, which is under seal, and states that, at the time of taking the deposition, she was "duly authorized to administer oaths, and duly authorized by the laws of the state of Illinois to take depositions in said state." This certificate purports to be the official act of such notary, and by statute, §476 Burns 1914, §460 R. S. 1881, such certificate is made "presumptive evidence of the character of such instrument and the facts therein set forth." That the notary in this case complied with all of the statutory regulations pertaining to the taking of the examination is not questioned. Therefore, it being conceded that the notary met all our statutory requirements, and appellant did not overcome the presumptive evidence of the certificate showing authority of the notary under the laws of the State of Illinois to administer oaths and to take depositions, then appellant's position, in this particular, must fail and we so hold.

We are thus brought to a more serious question. The record shows that appellant appeared before an officer authorized to take depositions, and submitted himself for examination in all respects as required by the order of the Porter Circuit

6.

Court. He answered 200 questions, and, on the advice of his counsel, he refused to answer twenty-four questions propounded to him by counsel for appellee. He also refused to sign his examination. His refusal to answer certain questions and his refusal to sign his examination is made the basis for appellee's motion to strike out his complaint. But there is no showing or claim that appellant's refusal to answer the particular questions referred to in appellee's motion, or that appellant's refusal to sign his examination was, at any time, brought to the attention of any court or judge, or that he had been ordered by a court or judge to answer the questions or sign his examination which he had refused to do prior to or at the time of filing the motion in question. There was no compliance or even an attempt to comply with §442, *supra,* which we hold is necessary to be shown before appellant could be dealt with as for contempt. While §533, *supra,* gave appellee the right to examine appellant as a witness, yet such examination was thereby limited to matters stated in appellant's complaint. Appellant was not required to answer irrelevant or impertinent questions. *Chaffin* v. *Brownfield* (1882), 88 Ind. 305; *Wabash, etc., R. Co.* v. *Morgan* (1892), 132 Ind. 430, 436, 31 N. E. 661, 32 N. E. 85.

Without expressing an opinion on the action of appellant in refusing to answer or sign his examination, we are agreed that he was entitled to a ruling from a court or judge ordering him to answer or sign and an opportunity to comply with such order before being punished in any manner for a contempt. When §§442 and 537, *supra,* are read together, they furnish the procedure and authorize the court to punish as

for contempt a party to the action who refuses to attend or to testify in a proceeding had at the instance of his adversary under the provisions of §533, *supra*.

Under a fair interpretation of these various statutes, it cannot be said that appellant was in contempt in the absence of an order made by a court of competent jurisdiction requiring him to answer, at a time and place fixed by such court, and then only on his refusal to answer or to obey such order. *Lupton* v. *Coffel* (1910), 47 Ind. App. 446, 451, 94 N. E. 799; *Citizens Nat. Bank* v. *Alexander* (1904), 34 Ind. App. 596, 73 N. E. 279; *O'Neil* v. *Thomas Day Co.* (1907), 152 Cal. 357, 92 Pac. 856, 14 Ann. Cas. 970; 8 R. C. L. p. 1155, §27.

For the reasons above stated, we hold that §537, *supra,* is not violative of the fourteenth amendment of our federal Constitution, also that the trial court erred in sustaining appellee's motion and in striking out appellant's complaint.

Judgment reversed, with instructions to the lower court to overrule appellee's motion, and for further proceedings not inconsistent with this opinion.

Harvey, J., absent.