LUTTON v. CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 10,395. Filed June 17, 1920.]

1. RAILROADS.—*Injuries to Persons on Tracks.—Duty to Trespasser.*—Where a boy crossing a railroad bridge for his own convenience was struck by an engine and killed, the railroad company is not liable on the ground that the engineer failed to discover the boy's peril in time to stop the train, since deceased was a trespasser to whom the engineer owed no duty, except to refrain from wilfully or intentionally injuring him after discovering his danger. p. 440.

2. RAILROADS.—*Injuries to Persons on Tracks.—Contributory Negligence.—Railroad's General Duty of Care.*—A pedestrian crossing a railroad bridge for his own convenience is a trespasser, or at most a mere licensee, to whom a locomotive engineer owes only a general duty to use care to avoid injury after discovering his peril, and even though the engineer is negligent in performing such duty, and the pedestrian is injured, his negligence in going upon the bridge is a complete defense to an action for his injuries. p. 441.

From Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by Media A. Lutton against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George H. Koons, Thomas V. Miller, Gay R. Estabrook,* and *George H. Koons Jr.,* for appellant.

*Orr & Clark, Frank L. Littleton* and *Charles P. Stewart,* for appellee.

ENLOE, P. J.—This was an action by appellant as the surviving mother of one Ralph Campbell, the boy's father being dead, to recover from appellee damages for the alleged negligent killing of her son, and her consequent loss of his services, etc.

On June 1, 1917, appellant filed two paragraphs of complaint, denominated in the record as her "additional third and fourth paragraphs of complaint." The record discloses that a demurrer had been sustained to plaintiff's first and second paragraphs of complaint. To these paragraphs of complaint appellee severally demurred. Its demurrer was overruled as to the third paragraph, and sustained as to said fourth paragraph. Issue was joined by a general denial to said third paragraph and the cause submitted to a jury for trial, which returned its verdict in favor of appellee, upon which the court, after overruling a motion for a new trial, rendered judgment.

The appellant now prosecutes this appeal, and has assigned as error the action of the court in sustaining the demurrer to the fourth paragraph of complaint.

It appears from the averments of the complaint that a son of the appellant, who was about thirteen years of age, on the day in question, in company with his cousin,

who was about his own age, had been fishing along White river east of Muncie, and were returning to said city near the noon hour. These boys used the railroad bridge of appellee across said river, a short distance east of Muncie, as a way to cross said river. The companion of the deceased had reached the west end of said bridge when he discovered a train approaching from the west, and at once hallooed to the deceased that such train was coming. The deceased, upon seeing the train approaching, at once turned back and started to run in an endeavor to get off the east end of the bridge before the train should overtake him, and had almost reached a place of safety when he was struck by the train and killed. It further appears that the engineer on the engine of said train had a clear view of the bridge and, had he been looking, could have seen the deceased at a distance of 1,200 feet from the bridge.

The third paragraph, upon which said cause was tried, alleged that the said engineer *saw the deceased* and his perilous position in time to have stopped said train and thereby to have avoided hitting and killing him; while the negligence charged in the fourth paragraph of complaint is the alleged negligence of the engineer *in failing to see and discover the perilous situation of said deceased* in time to have stopped said train, or to have so slackened the speed thereof that the said deceased would thereby have had time to escape from his perilous situation. It is also alleged that: "Said defendant during all of said time owned and used * * * a large number of locomotive engines and trains of cars * * * and runs over its said road daily, * * * a large number of freight and passenger trains, hauled and drawn by its said locomotive engines; * * * that the defendant, by its custom, rules and regulations required its engineers, agents, and servants operating its trains upon and over its said railroad track, upon

approaching and nearing said bridge crossing of said White River to sound the whistle and ring the bell, and thereby give notice of the approaching of such trains at said crossing, and to keep a steady look ahead up the line of said railroad track to see and observe persons or things or objects upon said track, if any there should be."

Counsel for appellant, in his brief, has stated very clearly and concisely the propositions involved in this appeal, as follows:    "The fourth paragraph involves the rule applicable where the peril of the boy ought to have been discovered, but was not."

Under the averments of this complaint the deceased was, at the time he was struck and killed, a trespasser; he was in a place where he had no legal right to be.    Had he been even a licensee, and so shown by the averments of the complaint, still the averments of said fourth paragraph were insufficient. They do not show that the engineer owed him any special duty.    In *Cannon* v. *Cleveland, etc., R. Co.* (1902), 157 Ind. 682, 62 N. E. 8, it was said:  "The 'consent,' averred in the complaint, taking the intendments most strongly against the pleader, must be held to be only that consent which is implied from the public's use without appellee's express objection after knowledge of the use, because no broader 'consent' is directly alleged. Appellant did not go upon the premises to transact any business with appellee.   She went purely for her own convenience, without invitation or inducement from appellee.   There is no averment that the engineer saw appellant and thereafter negligently ran the engine upon her."   Further on in said opinion the court, speaking of persons using the said appellee's track and right of way, said:   "The first stranger took upon himself the risk of all injuries short of those wilfully inflicted. So did the thousandth stranger, unless it be held that

appellee, although there was not the slightest impairment of its title and right of possession, was compelled to treat its own private land as a public highway where it was not. * * * With respect to the last stranger, no more than to the first, could appellee be guilty of negligence, for to neither did appellee owe the duty of exercising care to keep him out of danger. * * * The right of way was the exclusive property of the defendant, upon which no unauthorized person had the right to be for any purpose. It was a place of known danger, and there was nothing to exempt the decedent from the character of a wrongdoer and trespasser in traveling along the right of way, further than the implied consent of the defendant arising from its failure to interfere with the previous like practice by others. * * * It seems to us, therefore, that the only duty which it owes to such persons, whether they are trespassers or bare licensees, is not wilfully or wantonly to injure them but to use reasonable care to avoid injury to them after their danger is discovered."

The rule as above announced is abundantly supported by the authorities. See *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 391, 392, 104 N. E. 785, 108 N. E. 375.

From the averments of the paragraph of complaint before us, there can be no question as to the son of appellant being a trespasser, or at most a mere licensee, at the time he was struck and killed. As to him, the engineer in charge of appellee's train owed only a general duty. If he was negligent in performing this general duty, so also was the deceased negligent in going upon said bridge and track. Under such circumstances the contributory negligence of appellant's deceased son was a complete defense. *Terre Haute, etc., Traction Co.* v. *Stevenson* (1920), 189 Ind. 100, 123 N. E. 785, 126 N. E. 3.

The court did not err in sustaining said demurrer to said paragraph of complaint. The judgment is therefore affirmed.