PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* LAMBERT.

[No. 11,386.　Filed December 15, 1922.]

1. RAILROADS.—*Highway Crossings.—Duty of Giving Warning Signals.*—The statutory duty of sounding the whistle and ringing the bell when approaching highway crossings is mandatory, and the performance of that duty does not depend upon any knowledge of those operating a locomotive as to the intention of a traveler to cross the highway; but it is not a duty owing to a traveler on a highway running parallel with a railroad who has no intention of crossing the tracks.　p. 137.

2. RAILROADS.—*Crossing Accidents.— Complaint.— Sufficiency.*— In an action by the driver for injuries to an automobile in a railroad crossing accident, a complaint alleging that the driver looked and listened for approaching trains, but was unable to see or hear any, and that as he was crossing the tracks his automobile was struck by a locomotive running at a high rate of speed without any warning signal being given, *held* suffi-

cient to show that the driver was intending to cross defendant's tracks on a highway crossing, so that the duty owing by the railroad company to a traveler on a highway intending to use the crossing was shown. p. 137.

3. APPEAL.—*Waiver of Error.*—*Objections to Complaint.*—*Demurrer.*—*Failure to Specify Objections in Memorandum.*—Objections to the sufficiency of the complaint which are not specified in the memorandum accompanying defendant's demurrer are waived. p. 137.

4. APPEAL.—*Record.*—*Omission of Evidence.*—*Review.*—*Instructions.*—Where the evidence is not in the record, an instruction will not be held erroneous if it might be proper under any evidence which might properly have been admitted within the issues; but where an instruction is given which would be improper under any conceivable state of the evidence, it will be held erroneous, even though the evidence is not in the record. p. 138.

5. RAILROADS.—*Crossing Accidents.*—*Damage to Property.*—*Contributory Negligence.*—*Burden of Proof.*—In an action against a railroad company for damage to an automobile in a crossing accident, contributory negligence is not a defense, and the burden rests upon plaintiff to show by a preponderance of the evidence that he was free from negligence proximately contributing to the injury; hence an instruction that the burden of proving contributory negligence is upon defendant is erroneous. p. 138.

6. RAILROADS.— *Crossing Accidents.*— *Last Clear Chance Doctrine.*—*Instructions.*—In an action by the driver against a railroad company for damage to an automobile in a crossing accident, an instruction as to the last clear chance doctrine which informed the jury that if defendant's employes might have discovered the dangerous situation of plaintiff by the exercise of due care, and if the collision occurred by reason of the failure of such employes to use due care to discover plaintiff's danger, then defendant was liable, notwithstanding plaintiff's negligence in the first instance, was erroneous, since defendant's liability under the last clear chance doctrine did not depend upon the failure of its employes to use due care to discover plaintiff's property in its perilous situation, but, having knowledge of its presence in that situation, upon thereafter failing to use due care to prevent the injury. p. 139.

From Jasper Circuit Court; *George A. Williams,* Judge.

Action by Claude E. Lambert against the Pittsburgh,

Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*G. E. Ross,* for appellant.

*Hanley and Hanley,* for appellee.

NICHOLS, C. J.—Action by appellee to recover damages for injury to an auto truck, struck by appellant's train at a street crossing in the town of Remington, Indiana.

There were three paragraphs of complaint. The first avers in substance that on December 20, 1920, appellee was the owner of a Ford truck, and was driving and operating said truck over and along Ohio street, in the town of Remington, Indiana, traveling in a southerly direction, which street crossed the tracks of appellant a few rods west of its depot in said town; that appellee approached said crossing from the north, driving his said truck at a moderate rate of speed, and looked and listened for approaching trains, but was unable to see or hear any engine or train approaching from the west, because of the obstruction of his view by box cars, standing on the side track to the west of said crossing, which appellant had negligently permitted to remain there. And that on account of adjacent buildings which intervened, and on account of said box cars appellee's view was obstructed and the sound of the approaching train from the west was entirely shut off; that just as appellee was crossing over said tracks and while he was on the said tracks, appellant negligently and carelessly ran a locomotive, with several cars attached thereto, over the said crossing at the rate of twenty-five miles per hour, without sounding the whistle or ringing the bell on said locomotive in the manner and within the distance from said crossing as required by law; that the steam was shut off said locomotive before arriving at

said crossing, and said locomotive was coasting and propelled by its great momentum; that said locomotive and cars were negligently and carelessly run upon appellant's track by the fireman thereof, while the engineer was down town at a restaurant eating his meal, and that said locomotive with cars attached, was so run without giving any signal or warning of their approach and they were thereby run against appellee's truck with great force and violence totally demolishing and destroying the same to appellee's damage in the sum of $1,000; that said locomotive and train was being operated without a full train crew, as provided and required by law.

The second paragraph of complaint was the same as the first, except that in the first paragraph it averred that the engine was in charge of a fireman in the absence of the engineer, while in the second it is charged that the engine was in charge of the engineer in the absence of the fireman.

Appellant filed a separate and several demurrer for want of facts to the first and second paragraphs of complaint. Later a third paragraph of complaint was filed, with substantially the same averments as the first and second, and in addition thereto that the truck was pushed and shoved 120 feet to the east and crushed against a switch post. To this paragraph appellant filed a demurrer for want of facts. Each of the demurrers was by the court overruled, and these rulings are assigned as error.

It is contended by appellant that neither the first nor second paragraph of complaint shows that appellee was intending to cross appellant's railroad track on a street or highway crossing, and that therefore the duty owing by appellant to the traveler on a highway intending to use such highway across the railroad track is not shown to have existed, and that therefore no duty was violated. Appellant contends that the statutory duty to blow the

whistle and ring the bell is owing only to the traveler on the highway intending to cross the railroad track, while a traveler on the highway.   To sustain this contention it cites *New York, etc., R. Co.* v. *Martin* (1904), 35 Ind. App. 669, 72 N. E. 654; but the facts in that case are substantially different from the facts here involved. In that case the person was injured by her horse becoming frightened while she was driving it upon a highway parallel with the railroad and without any intention of crossing the track.

The statutory duty of sounding the whistle and ringing the bell when approaching highway crossings is mandatory, and does not depend upon any knowl-

1, 2.  edge of those operating the locomotive as to the intention of the traveler to cross the highway. But it is not a duty owing to a traveler on a highway running parallel with the railroad, and without any intention of crossing it.   While the complaint in this case does not directly aver that it was appellee's intention to cross the railroad it does aver that he was approaching the track along the highway that crossed it.   It does aver that he looked and listened for approaching trains, but was unable to see any, and that as he was crossing over the tracks he was struck by the locomotive.   We hold that this averment is sufficient to withstand appellant's demurrer.

Appellant next contends that neither the first nor second paragraph of complaint avers that the appellee was free from negligence causing or contributing to

3.  his injury, but there is no memorandum with appellant's demurrer that presents this question, and it is therefore waived.   Other objections to the first and second paragraphs of complaint are assigned but as they are general in character and unsupported by authority we do not consider them.   What we have said above with reference to the first and second paragraphs

of complaint applies with equal force to the objection to the third paragraph of complaint. No reversible error as to any one of the paragraphs of complaint is presented, and the respective demurrers thereto were properly overruled.

The cause was tried by a jury, which resulted in a verdict in favor of appellee in the sum of $500, upon which judgment was rendered. Appellant assigns as error the court's action in overruling its motion for a new trial under which it presents error of the court in giving certain instructions. We do not need to consider instructions which depend for their correctness upon the evidence which is not in the record. It has been repeatedly held that where the evidence is not in the record an instruction will not be held erroneous if it might be proper under any evidence which might properly have been admitted within the issues. But, where an instruction is given which would be improper under any conceivable state of the evidence, such an instruction will be held erroneous, even though the evidence is not in the record. *Drinkout* v. *Eagle Machine Works* (1883), 90 Ind. 423; *Rozell* v. *City of Anderson* (1883), 91 Ind. 591; *Hoffbauer* v. *Morgan* (1909), 172 Ind. 273, 88 N. E. 337; *Schuster* v. *State* (1912), 178 Ind. 320, 99 N. E. 422; *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 96 N. E. 473.

By instruction No. 6 the court told the jury that "contributory negligence is a defense. The burden of proving contributory negligence is upon the defendant, and the defendant must establish such by a preponderance of the evidence." This is an action for damages for destruction of property, and appellee's right of recovery depends upon a preponderance of the evidence showing that he himself was free from negligence proximately contributing to the injury sued

Pittsburgh, etc., R. Co. *v.* Lambert—79 Ind. App. 133.

for. In an action of this kind contributory negligence is not a defense, and the burden in this action did not rest upon appellant to establish contributory negligence, as the court by instruction No. 6 instructed the jury, but the burden rested upon appellee to show by a preponderance of the evidence that he was free from negligence proximately contributing to the injury complained of. *Cleveland, etc., R. Co.* v. *Moore* (1909), 45 Ind. App. 58, 90 N. E. 93; *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621, 96 N. E. 758, 39 L. R. A. (N. S.) 20; *Ft. Wayne, etc., Trac. Co.* v. *Monroeville, etc., Tel. Co.* (1912), 179 Ind. 334, 100 N. E. 69.

By instruction No. 9, in an effort to instruct the jury as to the doctrine of last clear chance, the court told the jury that if it found from a preponderance of the evidence that appellant's employes saw the dangerous situation of appellee before the collision, or if such employes might have discovered the dangerous situation of appellee by the exercise of due care, and if the collision occurred by reason of the failure of such employes to use due care to discover the danger that appellee was in, or by reason of their failure to use due care to prevent the damage or injury after such discovery, then and in that event, even though appellee was negligent in the first instance, the verdict should be for appellee. This is not a correct statement of the law. Appellant's liability under the doctrine of last clear chance does not depend upon the failure of appellant's employes to use due care to discover appellee's property in its perilous situation, but having actual knowledge of its presence in its perilous situation under such circumstances that they knew or should have known of its peril, upon thereafter failing to use due care to prevent the injury. *Terre Haute, etc., Traction Co.* v. *Stevenson* (1919), 189 Ind. 100, 123 N. E. 785, 126 N. E. 3; *Evansville R. Co.* v. *Miller* (1916), 64 Ind. App.

206, 111 N. E. 1031; *Indianapolis Traction, etc., Co. v. Croly* (1911), 54 Ind. App. 566, 96 N. E. 973; *Lutton v. Cleveland, etc., R. Co.* (1920), 73 Ind. App. 437, 127 N. E. 781.

Instructions Nos. 7 and 8, on the same subject, as instruction No. 9 omit the element of actual knowledge, are each confusing and misleading, and should not have been given. Other alleged errors are presented, but we do not deem it necessary to consider them.

For the errors in instructions as above set out, the judgment is reversed, with instructions to grant a new trial.