PETERS ET AL. *v.* KNIGHT ET AL.

[No. 15,892. Filed May 25, 1937.]

454

*Scifres & Hollingsworth* and *Christian & Waltz,* for appellants.

*Cloe, Campbell & Cloe* and *Frank E. Hutchinson,* for appellees.

CURTIS, J.—This was an action brought by the appellants against the appellees to set aside the will and codicils thereto of one Mary E. Witt, deceased. The complaint was in one paragraph and was answered in general denial. The cause was submitted to a jury for trial resulting in a verdict sustaining the will and codicils upon which verdict judgment was entered. In due time the appellants filed their motion for a new trial which was overruled with an exception and this appeal thereafter prayed and perfected. The error assigned is the ruling on said motion. The causes of the motion are that the verdict of the jury is not sustained by sufficient evidence; is contrary to law; and alleged error in the giving of each of several instructions. The errors relied upon for reversal, as stated in the appellants' brief, are claimed errors in the giving of each of the appellees' instructions numbered 2, 4, 8, 10, 11, and 12. It is needless to say that other alleged errors are waived.

The complaint contained the following allegations: "That said pretended will and codicils thereto are invalid for the following reasons: (1) That said Mary E. Witt at the time said pretended will and the codicils thereto were attempted to be executed was of unsound mind. (2) Said pretended will

and codicils were unduly executed." Under the said complaint and the general denial thereto much evidence was heard upon the issue thus raised. None of the evidence has been brought before us in this appeal and where the evidence has not been brought before this court on appeal we presume that there was competent evidence under the issues to make the instructions that were given relevant. See *Hoffbauer* v. *Morgan* (1909), 172 Ind. 273, 88 N. E. 337.

It is the law, however, under the circumstances just mentioned, that if an instruction or instructions could not become proper under any conceivable state of the evidence under the issues, then the judgment must be reversed if said instruction or instructions are not cured in some one of the recognized methods of curing instructions. See: *Hoffbauer* v. *Morgan, supra,* and the cases therein cited. Our inquiry then is narrowed in the instant case to a determination of the question as to whether the instructions complained of are erroneous under any possible state of the evidence under the issues and to the further determination, if they are thus erroneous, of the question as to whether or not they have been cured in any of the recognized manners. Neither the instructions complained of nor many of the others given are models of accuracy, but when each of these instructions is read in the light of and in connection with all of the instructions that were given, as they must be, then it becomes apparent that the jury was not misled. Some of the alleged errors complained of by the appellants were invited errors in instructions tendered by them. It is practically impossible and certainly undesirable to attempt to state all of the law of the case in any one instruction and this makes it necessary to consider the instructions as a whole and not to single out and isolate any one instruc-

tion in an attempt to determine whether or not the jury was misled.

For a court or jury to determine the question of testamentary capacity, that is, whether or not the testator was of sound and disposing mind and memory, the inquiry is directed to the precise time of the execution of the will and codicils. In such cases courts properly have been liberal in admitting testimony as to the mental and physical condition of the testator, both before and after the time of the execution of the will and codicil or codicils. Such testimony is admitted for the purpose of enlightening the mind of the court or jury so that they may know the environments of the testator's life and be able to concentrate the judgment upon the critical moment and be able to say in that concentrated light whether at the precise time of the making of the will and codicil, the testator was of sound and disposing mind and memory. Of course, when all of this is done and it is determined that at the precise time when the will and codicil were executed the testator was of sound and disposing mind and memory, then it becomes a matter of indifference what may have been his condition at some other time. See: *In re Miller's Estate* (1912), 26 Del. (3 Boyse) 477, 85 Atl. 803.

The law applicable to testamentary capacity has been so fully and completely stated in the cases and text books that we do not deem it necessary to lengthen this opinion by a further discussion of it.

From an examination of the record as it is presented to us we conclude that the jurors under all of the instructions given by the court fully understood their duty and that they were in no prejudicial manner misled.

Judgment affirmed.